The PEOPLE of the State of Colorado, Complainant,

v.

George Michael ZEILINGER, Attorney–Respondent.

No. 91SA166.

Supreme Court of Colorado, En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

George M. Zeilinger, Colorado Springs, pro se.

PER CURIAM.

In this attorney discipline proceeding, the respondent and the assistant disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The parties recommended that the respondent receive either a private or public censure for his sexual misconduct with a client. An inquiry panel of the grievance committee accepted the stipulation and agreement and recommended that respondent receive a private censure and be assessed the costs of the proceedings. After reviewing the record and the conditional admission, we accept the stipulation and agreement, but we conclude that the gravity of the respondent's misconduct warrants public censure.

I

The respondent was admitted to the bar of this court on October 9, 1979, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b). The respondent and the assistant disciplinary counsel stipulated to the following facts.

On or about October 24, 1988, the respondent was retained by a woman to represent her in a dissolution of marriage action. The dissolution involved a dispute in the custody of minor children and property settlement matters. The respondent was his client's attorney of record through the final decree of dissolution which was entered early in 1989. During the period of time that the respondent was the attorney of record, he engaged in a sexual relationship with his client.

The respondent has admitted, and we agree, that his conduct violated DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law); and DR 5-101(A) (except with the consent of the client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of the client may be affected by his own financial, business, property, or personal interests). *See People v. Gibbons*, 685 P.2d 168, 175 (Colo. 1984) (lawyer's sexual relationship with client, who was a defendant in a criminal proceeding, violated DR 5-101(A)); *see generally* Annotation, *Sexual Misconduct as Grounds for Disciplining Attorney or Judge*, 43 A.L.R.4th 1062 (1986 & Supp. 1990). Because of the foregoing, the respondent also violated DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule); and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

II

■ The only issue left for consideration is the level of discipline to be imposed. The respondent and the assistant disciplinary counsel have recommended the imposition of either a public or private censure. The inquiry panel has recommended that the respondent receive a private censure, but the recommendation of the grievance committee is advisory only and this court bears the ultimate responsibility to determine the appropriate discipline. C.R.C.P. 241.15(c); *People v. Flores*, 772 P.2d 610, 614 (Colo. 1989); *People v. Brown*, 726 P.2d 638, 640-41 (Colo.1986).

■ Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), public censure is generally an appropriate sanction when "a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." *ABA Standards* 4.33. *See People v. Mulvihill*, 814 P.2d 805, 807 (Colo.1991). The respondent has no history of prior discipline, *see ABA Standards*, 9.32(a). However, as a factor in aggravation, we find that the victim was especially vulnerable at the time the respondent engaged in his misconduct, *see id.* at 9.22(h). In addition, although the parties have stip-

ulated that the respondent's client suffered no actual harm from the respondent's unprofessional misconduct, the potential for harm is substantial and obvious.

Aside from the consequences on the respondent's own life and professional practice, engaging in a sexual relationship with a client undergoing a divorce may destroy chances of a reconciliation, and blind the attorney to the proper exercise of independent judgment. There is also a significant danger that when the division of property or the custody of minor children is contested, the attorney may himself become the focus of the dissolution or custody proceedings, be called as a witness, and thereby inflict great harm on the client. *See generally* Annotation, *Custodial Parent's Sexual Relations With Third Person as Justifying Modification of Child Custody Order,* 100 A.L.R.3d 625 (1980 & Supp.1990).

Given the seriousness of the respondent's misconduct, we find that a private censure would be too lenient. *See Committee on Professional Ethics & Conduct of the Iowa State Bar Ass'n v. Hill,* 436 N.W.2d 57 (Iowa 1989) (attorney suspended for engaging in sexual relationship with a client in a divorce action involving custody of children); *In re McDow,* 291 S.C. 468, 354 S.E.2d 383 (1987) (engaging in adulterous relationship with client during course of divorce action with result that client's husband is granted divorce on grounds of adultery warrants public reprimand). We accept the stipulation and agreement, but reject the recommendation of the inquiry panel and order that the respondent receive a public censure.

### III

We publicly censure respondent George Michael Zeilinger for his unethical and unprofessional relationship with his client. We assess him the costs of these proceedings in the amount of $64.35. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.