**The PEOPLE of the State of Colorado, Complainant,**

v.

**L. Frank BERGNER, Jr., Attorney–Respondent.**

No. 94SA71.

Supreme Court of Colorado, En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Attorney-respondent, pro se.

PER CURIAM.

The respondent[1] in this attorney disciplinary proceeding, L. Frank Bergner, Jr., was charged with engaging in conduct adversely reflecting on his fitness to practice law. The assistant disciplinary counsel and the respondent subsequently entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.-18(a). In the stipulation, the parties recommended discipline in the range of a public censure to a private censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, with the recommendation that the respondent receive a public censure.[2] We accept the stipulation and the recommendation of the inquiry panel.

---

1. The respondent was admitted to the bar of this court on May 29, 1985, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

2. The respondent has filed an objection to the inquiry panel's recommendation to this court that the respondent be disciplined by public censure. The respondent contends that the panel's specific recommendation is inconsistent with the parties' recommendation in the stipulation "that

## I

The respondent has acknowledged the following facts set forth in the stipulation:

a. Respondent represented [a client], the complaining witness, in her dissolution proceedings. [The client's] final orders hearing was scheduled for June 13, 1992. Respondent suggested that they drive to the hearing together so they could resolve any last minute questions.

b. During the trip respondent participated in a conversation with [the client] that was sexual in nature and which made her uncomfortable. [The client] stated that she was subtle in her attempt to divert the conversation, and respondent may not have perceived her discomfort. Further, respondent talked about past sexual experiences which he participated in ... that occurred some twenty years ago.

c. While en route to the courthouse, respondent pointed out a parking lot where he and his ex-wife had sexual intercourse in a car....

d. Respondent further stated to complaining witness that he "liked to get into women's heads to find out what turns them on." ...

e. Complaining witness notes that she tried to change the subject several times but the conversation returned to the topic of sex.

f. Once at the courthouse, respondent gave complaining witness "tips" on how to have successful affairs. This was particularly bothersome to complaining witness because these "tips" were given in a situation where comments could be overheard by others in the immediate area.

g. Complaining witness states she was subtle in her attempt to divert the conversation, and respondent may not have perceived her discomfort.

The respondent admitted that the foregoing conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adverse-

ly reflects on the lawyer's fitness to practice law).

## II

In *People v. Zeilinger,* 814 P.2d 808, 809 (Colo.1991), we publicly censured an attorney for engaging in a sexual relationship with a dissolution of marriage client. In determining that a private censure was too lenient, we found, among other factors, that the victim was especially vulnerable at the time of the misconduct because of the dissolution of marriage proceedings. *Id.* at 809–10. *See* American Bar Association *Standards for Imposing Lawyer Sanctions* 9.22(h) (1991 & 1992 Supp.).

■ The respondent's victim in this case was similarly vulnerable. When the respondent engaged in his offensive, inappropriate, and highly unprofessional conduct, the client was in the respondent's vehicle traveling to the client's dissolution of marriage hearing. The client was dependent on the respondent's professional judgment and ability, and had the right to expect that the respondent's conduct would conform to professional and fiduciary standards. As we observed in *People v. Crossman,* 850 P.2d 708, 711 (Colo. 1993), "The lawyer stands in a fiduciary relationship with the client and by making unsolicited sexual advances to a client 'perverts the very essence of the lawyer-client relationship.' *In re Disciplinary Proceedings Against Gibson,* 124 Wis.2d 466, 369 N.W.2d 695, 699–700 (Wis.), *appeal dismissed sub nom. Gibson v. Board of Attorneys Professional Responsibility of Wisconsin,* 474 U.S. 976, 106 S.Ct. 375, 88 L.Ed.2d 330 (1985)." The respondent abused his position of trust by engaging in lewd and vulgar behavior. His disregard of his client's protests that his behavior was improper and made her uncomfortable further evidenced his callous disregard of his fiduciary responsibilities to his client.

■ We also note that the respondent has previously received a letter of admonition for unrelated misconduct. Prior discipline is an

discipline in the range of a Public Censure to a Private Censure be imposed upon respondent."

We find that the inquiry panel's recommendation of a specific sanction within the range

agreed upon by the parties is entirely consistent with its approval of the stipulation and its duty under C.R.C.P. 241.18(a). The respondent's objection is overruled.

aggravating factor. ABA *Standards* 9.22(a). Under these circumstances, we conclude that a private censure would constitute an unduly lenient sanction. As we observed in *People v. Smith,* 769 P.2d 1078 (Colo.1989):

> A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition." ABA Standards 2.6 (commentary).

*Id.* at 1080. Whatever the respondent's ultimate intentions might or might not have been, his continuous course of lewd and vulgar comments cannot be characterized as simply negligent behavior. While we conclude that a public censure constitutes an appropriate sanction, some members of the court would reject the parties' stipulation on the ground that the agreed upon sanctions are too lenient.

The respondent claims that public discipline would adversely affect his ability to participate in certain religious and charitable organizations and activities. While these concerns may prove accurate, the gravity of the respondent's misconduct, when coupled with the fact of his prior discipline, requires the imposition of a public censure. Accordingly, we adopt the recommendation of the inquiry panel.

### III

It is hereby ordered that the respondent be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $63.27 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, Suite 920-S, 600—17th Street, Denver, Colorado 80202-5135.

