**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert Ernest SCHWARTZ, Attorney–Respondent.**

**No. 91SA33.**

Supreme Court of Colorado, En Banc.

Jan. 30, 1995.

Rehearing Denied March 6, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Robert Ernest Schwartz, pro se.

1. The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). He was immediately suspended from the practice of law in June 1989 because of the allegations in this proceeding, C.R.C.P. 241.8, and he has not been reinstated.

PER CURIAM.

The respondent [1] in this attorney disciplinary proceeding pleaded guilty to three counts of sexual assault on a child and three counts of aggravated incest, and was sentenced to a total of thirty years in the Colorado Department of Corrections. We order that the respondent be disbarred and be assessed the costs of the proceedings.

I

An assistant disciplinary counsel filed a formal complaint against the respondent, alleging that the respondent had been convicted after a jury trial of three counts of sexual assault on a child by one in a position of trust and three counts of aggravated incest. Sexual assault on a child by one in a position of trust is a class 3 felony, § 18–3–405(2), 8B C.R.S. (1986), as is aggravated incest, § 18–6–302(2), 8B C.R.S. (1986).

Following a hearing, a hearing board determined that on May 19, 1989, the respondent was found guilty by a jury of three counts of sexual assault on a child and three counts of aggravated incest, in *People v. Schwartz*, No. 88CR2063 (Denver Dist. Court).[2] Sexual assault on a child and aggravated incest are serious crimes under C.R.C.P. 241.16(e)(1). The victim was the respondent's daughter. The respondent was sentenced to thirty years' imprisonment. The hearing board noted that the respondent's convictions were on appeal. Although afforded the opportunity to present mitigating evidence at the hearing, the respondent offered no evidence at all.

The hearing board recommended that the respondent be disbarred. A hearing panel of the Supreme Court Grievance Committee approved the hearing board's factual findings and the recommendation that the respondent be disbarred.

2. The complaint did not charge the respondent with engaging in the underlying criminal conduct, and the hearing board made no findings with respect to the respondent's conduct beyond the fact of his convictions.

While the matter was pending before this court, the assistant disciplinary counsel moved this court to place the disciplinary proceeding in abeyance pending the resolution of the respondent's appeal, noting that the court of appeals had reversed a judgment of conviction on the ground that the trial judge had improperly escorted the complaining child witness to the stand, *see People v. Rogers*, 800 P.2d 1327 (Colo.App.1990), and that the same trial judge had escorted the child witness to the stand during the respondent's trial. The court of appeals subsequently reversed the respondent's convictions on the basis referred to in the assistant disciplinary counsel's motion, and the case was remanded for a new trial. *People · v. Schwartz*, No. 89CA1614 (Colo.App. Jan. 16, 1992) (not selected for publication).

On January 19, 1994, an assistant disciplinary counsel filed a motion to proceed on the ground that in December 1993 the respondent entered guilty pleas to three counts of sexual assault on a child and three counts of aggravated incest in the Denver District Court proceedings and was sentenced to thirty years in prison. A certified copy of the judgment of conviction and mittimus, dated December 28, 1993, was attached to the motion. This court granted the motion to proceed and also issued a rule requiring the respondent to show cause why this court should not take judicial notice of the December 28, 1993, judgment of conviction and mittimus.

■ The respondent's reply represented that he was incapable of defending himself. This court therefore transferred the respondent to disability inactive status and ordered an examination pursuant to C.R.C.P. 241.19(d). The examining physician's report indicated that the respondent was capable of defending himself in the disciplinary proceedings. This court then discharged the order transferring the respondent to disability inactive status and ordered that the proceedings be resumed, pursuant to C.R.C.P. 241.19(d)(3). Although granted several extensions of time to do so, the respondent has not replied to the substance of this court's rule to show cause.

Under these circumstances, we take judicial notice of the respondent's December 28, 1993, conviction. C.R.C.P. 241.16 provides, in relevant part, as follows:

**Rule 241.16. Attorney Convicted of a Crime**

**(a) Proof of Conviction.** Except as otherwise provided by these Rules, a certificate from the clerk of any court of criminal jurisdiction indicating that a lawyer has been convicted of a crime in that court *shall conclusively establish the existence of such conviction for purposes of disciplinary proceedings in this state and shall be conclusive proof of the commission of that crime by the respondent.*

. . . .

**(c) Commencement of Disciplinary Proceedings Upon Notice of Conviction.**

· . . . .

If a complaint is filed against a respondent pursuant to the provisions of this Rule, the Disciplinary Counsel shall present proof of the criminal conviction and may present any other evidence which he deems appropriate. If the respondent's criminal conviction is either proved or admitted, the respondent shall have the right to be heard by the hearing board only on matters of rebuttal of any evidence presented by the Disciplinary Counsel other than proof of the conviction.

. . . .

**(h) Conviction Defined.** The term conviction as used in these rules shall include any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime, whether the judgment rests on a verdict of guilty, a plea of guilty, or a plea of nolo contendere, and irrespective of whether entry of judgment or imposition of sentence is suspended or deferred by the court.

(Emphasis added.) The December 28, 1993, judgment of conviction and mittimus is certified by a deputy clerk of the Denver District Court as being a full true and correct copy of the original judgment and mittimus.

This court may take judicial notice of certain adjudicative facts. *In re Interrogatory Propounded by Governor Roy Romer on House Bill 91S–1005,* 814 P.2d 875, 880–81 (Colo.1991). Rule 201 of the Colorado Rules of Evidence provides in pertinent part:

**Rule 201. Judicial Notice of Adjudicative Facts**

(a) **Scope of rule.** This rule governs only judicial notice of adjudicative facts.

(b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) *capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.*

(c) **When discretionary.** A court may take judicial notice, whether requested or not.

(d) **When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) **Opportunity to be heard.** *A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.* In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) **Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.

. . . .

(Emphasis added.) Although the respondent was given notice of this court's intention to take judicial notice of his December 28, 1993, conviction, he has neither responded to the substance of such notice nor denied that the conviction occurred. In these circumstances, we conclude that the respondent's conviction is conclusively established.

■ The nature and seriousness of the crimes for which the respondent has been convicted dictate that he be disbarred. *People v. Grenemyer,* 745 P.2d 1027, 1029–31 (Colo.1987) (conviction on two counts of sexual assault on a child warrants disbarment).

## II

It is hereby ordered that Robert Ernest Schwartz be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is also ordered that the respondent pay the cost of this proceeding in the amount of $834.18 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.