The PEOPLE of the State of Colorado, Complainant,

v.

Philip E. LOWERY, Attorney–Respondent.

No. 94SA288.

Supreme Court of Colorado, En Banc.

May 8, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Haddon, Morgan & Foreman, P.C., Bryan Morgan, Jay P.K. Kenney, P.C., Jay P.K. Kenney, Denver, for attorney-respondent.

PER CURIAM.

In this lawyer discipline proceeding three complaining witnesses (the victims), employees of the law firm of the respondent, Philip E. Lowery, asserted that on several occasions the respondent inflicted vulgar, degrading non-consensual sexually abusive conduct

on them. The hearing board (the board) entered findings and conclusions to the effect that the respondent engaged in professional misconduct and recommended imposition of a thirty-day suspension as a sanction. A hearing panel of the Supreme Court Grievance Committee approved the board's findings of fact and conclusions but recommended the imposition of a ninety-day suspension. The respondent filed exceptions to the hearing panel's recommended discipline, asserting that it was too severe. We accept the findings and conclusions of the board. However, in view of the gravity and extent of the respondent's misconduct, we conclude that suspension for a period of one year and one day is the appropriate sanction.

### I

The respondent was admitted to the Colorado Bar in 1960 and is subject to the jurisdiction of this court and of the committee. Prior to the commencement of the evidentiary hearing in this matter the respondent and the assistant disciplinary counsel entered into an unconditional stipulation, agreement, and admission of misconduct containing the respondent's admission that his "general course of conduct with the complaining witnesses, as detailed in the complaint, was inappropriate" and violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law) and C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline). However, the stipulation also contained a provision that the respondent "does not agree with each and every factual allegation of the Complaint ... and wishes to testify thereto, and to present other evidence in mitigation."

At the evidentiary hearing, the victims and the respondent testified with respect to the particular circumstances constituting the respondent's admitted misconduct. Because the respondent's testimony frequently conflicted with testimony presented by the victims, the board was required to assess his credibility. The board concluded that the stipulation served to confuse the issues rather than to clarify them and that if the stipulation had been submitted to the board for approval prior to the hearing the board would have rejected the stipulation. We agree with that conclusion.

### II

The board found that the following facts were established by clear and convincing evidence.

In October 1990, the respondent's firm hired one of the victims as a paralegal. She resigned her position four days later. During that period of time the respondent engaged in sexually provocative conduct in her presence and made numerous lewd, sexually graphic remarks to her. On one occasion he prevented her from leaving his office and, notwithstanding her protests, grabbed her hips and kissed her. She reported this incident by telephone to a rape crisis center.

Another of the victims worked as a receptionist at the respondent's law firm from 1985 until March 30, 1990. On several occasions subsequent to 1988 the respondent kissed her or grabbed her crotch, or touched her breasts in the sight of other employees.[1] He also repeatedly made lewd and sexually suggestive comments to her.

The third victim began working for the respondent's law firm as a paralegal in December 1987. When she was admitted to practice in 1988, she was employed by the firm as an associate attorney. Soon after she commenced her employment as an associate attorney the respondent initiated a conversation of a sexual nature with her in a courtroom while she was observing a trial in progress. At other times he made comments about the sexual abilities of himself and others. In May of 1989, the respondent asked this victim to discuss a case in his office. When she entered the office he grabbed her shoulders, tried to hug her, and kissed the side of her head in spite of her protests. She then screamed and left the office. In August

---

1. The complaint in this grievance proceeding did not charge the respondent with engaging in criminal conduct. *See, e.g.,* § 18–3–404, 8B C.R.S. (1986 & 1994 Supp.) (third degree sexual assault).

of 1989 this victim filed a complaint with an administrative agency alleging discrimination in her employment. Two days later the law firm terminated her employment.

Because the respondent's sworn testimony at times directly contradicted testimony presented by the victims, the board was required to weigh the credibility of the witnesses. The board determined that the testimony of the three victims was more credible than the respondent's testimony. The board did not, however, find that the respondent submitted false evidence. *See People v. Good,* 893 P.2d 101 (Colo.1995), slip op. at 10; *People v. Wechsler,* 854 P.2d 217, 222–23 (Colo.1993); *cf.* American Bar Association *Standards for Imposing Lawyer Sanctions* 9.22(f) (1991 & Supp.1992) (ABA *Standards* ) (submission of false evidence is an aggravating factor with respect to discipline).

## III

The hearing panel recommended imposition of a ninety-day suspension. The respondent filed exceptions to this recommendation, arguing that a private censure would constitute an appropriate sanction. As the parties recognize in their briefs, the ABA *Standards* do not directly address the question of appropriate discipline for lawyers who sexually harass their employees.

 This court has considered sexual misconduct between a lawyer and the lawyer's client in prior cases. *See Good,* 893 P.2d 101 (lawyer who engaged in sexual relationship with client suspended for one year and one day); *People v. Crossman,* 850 P.2d 708, 711 (Colo.1993) (lawyer who solicited sexual conduct in exchange for legal services suspended for one year and one day); *People v. Zeilinger,* 814 P.2d 808, 809 (Colo.1991) (lawyer who engaged in sexual relationship with client violated DR 1–102(A)(6) and DR 5–101(A)); *People v. Gibbons,* 685 P.2d 168, 175 (Colo.1984) (lawyer who engaged in sexual relationship with client violated DR 5–101(A)); *see generally* Gregory G. Sarno, Annotation, *Sexual Misconduct as Ground for Disciplining Attorney or Judge,* 43 A.L.R.4th 1062 (1986 & Supp.1992). We do not view a pattern of sexual misconduct with employees by a lawyer to be any less damaging to the legal profession than a lawyer's sexual exploitation of a client. *See In re Discipline of Peters,* 428 N.W.2d 375, 381–82 (Minn.1988) (presence of attorney-client relationship is not prerequisite to finding of professional misconduct by sexual harassment). The power a lawyer holds over the sexually exploited employee derives from the lawyer's license to practice law. The board found by clear and convincing evidence that the respondent's sexual misconduct involved nonconsensual physical as well as verbal abuse. As we observed in *Crossman,* 850 P.2d at 710–11, "[w]e agree with the Supreme Court of Florida that '[i]mproprieties that directly and intentionally harm others *always* are serious offenses in the eyes of this Court.' *Florida Bar v. Samaha,* 557 So.2d 1349, 1350 (Fla.1990) (emphasis in original)." We therefore reject the respondent's arguments to the effect that the sexual mistreatment of his employees constituted relatively minor misconduct warranting the imposition of a private censure.

In aggravation, the hearing board found that the respondent's conduct involved a selfish motive, ABA *Standards* 9.22(b); that a pattern of misconduct was established, *id.* at 9.22(c); that the respondent has substantial experience in the practice of law, *id.* at 9.22(i); and that since the victims depended on the respondent for employment they were especially vulnerable, *id.* at 9.22(h).

The board found in mitigation the absence of prior discipline, *id.* at 9.32(a); and the respondent's cooperative attitude at the hearing, *id.* at 9.32(e). In addition, subsequent to the period of time during which the respondent's misconduct occurred he learned that he had colon cancer and began receiving treatment for that condition. The board found that the respondent was attempting to deal with his inappropriate behavior in conjunction with therapy designed to assist him in dealing with the emotional implications of the disease. The board found that these circumstances as well as the respondent's demeanor at the hearing demonstrated remorse. *Id.* at 9.32(*l* ). The respondent also introduced extensive evidence of his reputation in and contributions to the legal community in mitigation. *Id.* at 9.32(g).

Subsequent to the filing of the hearing panel's recommendation herein, the respondent filed a motion to supplement the record on appeal together with a certified copy of a judgment dated December 27, 1994, and entered December 29, 1994, in a civil action filed by the three victims against the respondent in the United States District Court for the District of Colorado. The assistant disciplinary counsel did not object to the filing of this motion, and it was granted. In his motion the respondent asserted that "[t]he federal court judgment is further mitigating evidence within the meaning of § 9.32(k) (imposition of other penalties or sanctions) of the American Bar Association *Standards for Imposing Lawyer Sanctions* (1992)." The respondent also addressed the possible mitigating effect of the federal court judgment. The judgment is consistent with the board's findings and conclusions and reflects that the jury awarded punitive damages against the respondent. Neither the respondent nor the assistant disciplinary counsel has advised this court of the current status of that judgment. In view of these circumstances, we do not view the judgment as either a mitigating or an aggravating factor.

Weighing the factors in mitigation and aggravation in the context of the serious and repeated misconduct in this case, we agree with the hearing panel and the board that the respondent should be suspended from the practice of law for a period of time. Given the nature of the respondent's professional misconduct and its harmful effects on the victims, we conclude that suspension for a period of one year and one day is warranted. It is to be noted that some members of the court have concluded that a more severe sanction, including disbarment, is warranted.

### IV

It is hereby ordered that the respondent, Philip E. Lowery, be suspended from the practice of law for a period of one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $2,559.60 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202–5135.

VOLLACK and SCOTT, JJ., do not participate.