**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglas J. DAWSON, Attorney–Respondent.**

**No. 95SA126.**

Supreme Court of Colorado, En Banc.

May 8, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Frederick M. Callaway, Colorado Springs, for attorney-respondent.

PER CURIAM.

The respondent was convicted of attempted sexual assault in the second degree, a felony and a serious crime. He was immediately suspended from the practice of law in 1991, pending resolution of these proceedings. C.R.C.P. 241.8 and 241.16(d). The parties entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended the imposition of a three-year suspension or disbarment. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission and recommended that the respondent be disbarred and assessed the costs of the proceedings. We accept the conditional admission, and the recommendation of the inquiry panel.

### I

The respondent was admitted to the Colorado bar in 1981. The assistant disciplinary counsel and he stipulated to the following facts:

### A

On March 20, 1991, the respondent was found guilty by a jury of attempt to commit sexual assault in the second degree, contrary to sections 18–3–404 and 18–2–101, 8B C.R.S. (1986), a class 5 felony. The respondent's conviction was affirmed on appeal. *People v. Dawson,* No. 91CA0908 (Colo.App. Nov. 19, 1992), *cert. denied,* No. 93SC49 (Colo. May 17, 1993). Attempted sexual assault in the second degree is a serious crime under C.R.C.P. 241.16(e)(1). The victim was a seventeen-year-old high school student working at the respondent's law office as a filing clerk after school hours. The respondent admits that his conviction for attempted sexual assault violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1–102(A)(6) (a lawyer shall

not engage in conduct that adversely reflects on the lawyer's fitness to practice law); C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics constitutes grounds for discipline); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

### B

The respondent was also charged with the first degree and the third degree sexual assault of a client. After a preliminary hearing at which the victim did not appear because she had moved out of state, these criminal charges were dismissed. In the conditional admission, the respondent stipulated that he initiated sexual contact and sexual intrusion on the client in June and July 1990. The client has maintained that the respondent's acts were without her consent, but the respondent asserts that they were consensual. The respondent admits to the acts, however, and that his conduct violated C.R.C.P. 241.6(2), (3), & (5); and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law), *see People v. Good,* 893 P.2d 101, 104 (Colo.1995) (sexual relationship between lawyer and client will almost always adversely reflect on the lawyer's fitness to practice law).

### II

In the conditional admission, the parties recommend that the respondent be suspended for three years, pointing out that the respondent agreed to his immediate suspension from the practice of law, and that he has been suspended for almost four years now. The delay, however, has mainly resulted from the respondent's request to hold the matter in abeyance pending the outcome of his appeal, which was unsuccessful. In any event, the respondent has consented to disbarment as a disciplinary sanction.

In *People v. Schwartz*, 890 P.2d 82 (Colo. 1995), we disbarred a lawyer following his convictions for three counts of sexual assault on a child and three counts of aggravated incest, resulting in a thirty-year sentence in the Colorado Department of Corrections. Similarly, the lawyer-respondent in *People v. Grenemyer*, 745 P.2d 1027 (Colo.1987), was disbarred after being convicted of two counts of sexual assault on a child under the age of fifteen.

In mitigation, the respondent and the assistant disciplinary counsel have stipulated that the respondent has cooperated during these proceedings, that he has achieved some interim rehabilitation, and that other penalties or sanctions have already been imposed on the respondent. *See* ABA *Standards for Imposing Lawyer Sanctions* 9.32(e) & (k) (1991 & Supp.1992). The respondent has also previously received a letter of admonition for unrelated misconduct. *Id.* at 9.22(a) (prior discipline is an aggravating factor with respect to disciplinary sanctions).

In any event, the details and the nature of the respondent's attempted sexual assault on the seventeen-year-old high school student filing clerk working at his law firm, together with his sexual conduct toward his client, reflect so seriously and adversely on the respondent's future ability to ever practice law that we conclude he should be disbarred. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III

It is hereby ordered that Douglas J. Dawson be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $236.96 within thirty days after this opinion is issued to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.