The PEOPLE of the State of
Colorado, Complainant,

v.

J.C. MARTIN, III, Attorney–Respondent.

No. 94SA410.

Supreme Court of Colorado,
En Banc.

June 5, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Elvin L. Gentry, P.C., Elvin L. Gentry, Colorado Springs, for attorney-respondent.

PER CURIAM.

The lawyer respondent in this discipline case was convicted of the third-degree sexual assault of a client. A hearing panel of the Supreme Court Grievance Committee approved the findings of a hearing board, but modified the board's recommendation of a ninety-day suspension to a suspension for six months. The respondent excepted to the panel's recommendation on the ground that a six-month suspension was too severe and was punitive in nature. After considering the seriousness of the offense of which the respondent was convicted and the nature of the professional misconduct, however, we order that the respondent be suspended for one year and one day.

## I.

The respondent was admitted to the Colorado bar in 1985. The hearing board listened to the testimony of the victim, the respondent, and both parties' witnesses. No transcript of the testimony was filed in this court and we therefore assume that the factual findings of the hearing board majority are supported by the record, and we accept them. On March 19, 1993, the respondent pleaded guilty to, and was convicted of, third-degree sexual assault, occurring in September 1992.

■ The victim of the assault was the respondent's client. She testified that, following a perfunctory discussion of her legal problems, the respondent initiated unwanted sexual contact with her, although she repeatedly told him to stop, and that she finally escaped and ran from his office. The respondent denied sexual contact with the victim, and contended that he had denied the factual basis of the third-degree sexual assault charge at the time he pleaded guilty, that is, he had entered a so-called *Alford* plea.[1]

Two members of the hearing board concluded that the respondent's actual conduct was more serious than his account, but fell short of the aggravated sexual behavior claimed by the victim. The third member of the board believed the victim's testimony. In any event, all three members of the board found by clear and convincing evidence that the respondent "behaved in a sexually aggressive manner toward [the victim] at a time when they were attorney and client, she was intimidated and humiliated by his treatment of her, and he pleaded guilty to third degree sexual assault."

Sufficient proof "that a lawyer has been convicted of a crime . . . shall conclusively establish the existence of such conviction for purposes of disciplinary proceedings in this state *and shall be conclusive proof of the*

*commission of that crime by the respondent.*" C.R.C.P. 241.16(a) (emphasis added).

The term conviction as used in these rules shall include any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime, whether the judgment rests on a verdict of guilty, a plea of guilty, or a plea of nolo contendere, and irrespective of whether entry of judgment or imposition of sentence is suspended or deferred by the court.

C.R.C.P. 241.16(h). Whether or not the respondent entered an *Alford* plea, we conclude for the purpose of this discipline proceeding that he actually committed the acts necessary to constitute third-degree sexual assault.

Section 18–3–404(1), 8B C.R.S. (1986), states in relevant part: "Any actor who knowingly subjects a victim to any sexual contact commits sexual assault in the third degree if: (a) The actor knows that the victim does not consent. . . ." Third-degree sexual assault under the circumstances of this case is a class 1 misdemeanor. § 18–3–404(2), 8B C.R.S. (1993 Supp.). At the time of the offense, "sexual contact" was defined as

the knowingly touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.

§ 18–3–401(4), 8B C.R.S. (1986). The hearing board concluded that the respondent's conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law) and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

1. While an express admission of factual guilt is not a constitutional prerequisite for a court to accept a guilty plea, *North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970), when a defendant protests his innocence, the trial judge should inquire into factual guilt. *Id.* at 38 n. 10, 91 S.Ct. at 167 n. 10;

*People v. Madsen,* 707 P.2d 344, 347 (Colo.1985). Moreover, Crim.P. 11(b)(6) requires that the court determine that there is a factual basis for the defendant's plea of guilty or nolo contendere before accepting the plea. *Madsen,* 707 P.2d at 347 n. 7.

## II.

The hearing board recommended that the respondent be suspended for ninety days. The assistant disciplinary counsel objected to this recommendation on the ground that a suspension in the range of six months to a year and a day was more appropriate given the misconduct. The hearing panel modified the board's recommendation to a six-month suspension. The respondent excepted to the panel's action as an improper punitive sanction, asserting that punishment is not a legitimate basis for discipline.

Punishment is not the primary purpose behind the imposition of disciplinary sanctions. *People v. Abelman,* 804 P.2d 859, 863 (Colo.1991). Third-degree sexual assault may not technically fit the definition of a "serious crime" for disciplinary purposes, *see* C.R.C.P. 241.16(e), but it is a crime of moral turpitude. *See People v. Pozo,* 746 P.2d 523, 528 (Colo.1987) (second-degree sexual assault is a crime of moral turpitude). It also involves the knowing infliction of harm on another person, in this case a client, and is therefore a grave offense in the consideration of the court. *People v. Lowery,* 894 P.2d 758, 760 (Colo.1995) (sexual harassment of three employees warrants suspension for one year and one day); *People v. Crossman,* 850 P.2d 708, 710–11 (Colo.1993) (lawyer suspended for one year and one day for solicitation of sexual favors in exchange for legal fee). *See also People v. Dawson,* 894 P.2d 756, 758 (Colo.1995) (conviction for attempted second-degree sexual assault on student filing clerk warrants disbarment); *People v. Good,* 893 P.2d 101 (Colo.1995) (lawyer suspended for one year and one day for sexual relationship with client); *People v. Zeilinger,* 814 P.2d 808, 809 (Colo.1991) (engaging in sexual relationship with client that lawyer represented in marital dissolution matter violates DR 1–102(A)(6) and DR 5–101(A)); *People v. Gibbons,* 685 P.2d 168, 175 (Colo.1984) (lawyer's sexual relationship with client, who was a defendant in a criminal proceeding, violated DR 5–101(A)).

In addition to the special deterrence of the offending lawyer that a long period of suspension provides, general deterrence is under some circumstances an important consideration in disciplinary proceedings. *See People v. Young,* 732 P.2d 1208, 1210 (Colo. 1987). As we said in *People v. Unruh,* 621 P.2d 948, 949 (Colo.1980): "The respondent's misconduct involves moral turpitude and demands the most severe discipline. Severe discipline is required to punish the respondent for his misconduct, to deter others from similar misconduct, and to maintain the respect and honor of the legal profession."

In a case like this, however, where the respondent has already been punished by the criminal justice system, our aim in determining the level of discipline is not retribution, but the protection of the public. Factors in mitigation include the absence of prior discipline, the presence of personal or emotional problems, evidence of good character or reputation, and the imposition of other penalties or sanctions. *See* American Bar Association *Standards for Imposing Lawyer Sanctions* 9.32(a), (c), (g) & (k) (1991 & Supp. 1992). Two members of the board found that the respondent cooperated with the disciplinary process. *Id.* at 9.32(e). Similar mitigating factors were also present in *Lowery,* 894 P.2d at 760–61, however, in which the lawyer was suspended for one year and one day. No transcript of the proceedings before the board was filed and we decline to find additional factors in mitigation. Considering the seriousness of the misconduct and the danger to the public, we conclude that suspension for one year and one day will more effectively protect the public than a shorter period of suspension.

## III.

It is hereby ordered that J.C. Martin, III, be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Martin pay the costs of this proceeding in the amount of $1,247.73 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Martin shall not be reinstated

until after he has complied with C.R.C.P. 241.22(b)–(d).