**The PEOPLE of the State of Colorado, Complainant,**

v.

**Richard Kenneth BLUNDELL, Attorney–Respondent.**

**No. 95SA256.**

Supreme Court of Colorado, En Banc.

Sept. 11, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Michael Bender, Denver, for attorney-respondent.

PER CURIAM.

The parties in this lawyer discipline proceeding executed a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended that the respondent receive a private censure for inappropriate and unprofessional comments and conduct while attempting to resolve certain workers' compensation claims. We accept the conditional admission but conclude that a public censure is warranted.

## I.

The respondent was admitted to practice law in Colorado in 1980. The conditional admission revealed that the respondent picked up the telephone during the course of a conversation on December 8, 1992, between the respondent's paralegal and a claims adjuster for the employer involved in several workers' compensation claims brought by the respondent's clients. The respondent made a number of comments to the claims adjuster, whom he did not know well at that time, that could reasonably have been construed as threatening to the adjuster. Three days later, counsel for the employer wrote to the respondent directing that any further contact with the employer was to be through the employer's outside counsel because of the respondent's "highly inappropriate and unprofessional" conduct toward the employer's staff, and in particular toward the claims adjuster.

On December 15, 1992, the respondent wrote a letter to the employer's counsel and disclaimed "any intent to shoot anyone," but included statements causing the counsel to fear vandalism of her private property.

The respondent has admitted that the foregoing unprofessional conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). He has stipulated, however, and the assistant disciplinary counsel has apparently agreed, that the inappropriate behavior was actually a misdirected attempt at humor. He has also apologized to the affected individuals. The respondent's conduct in this case nevertheless caused reasonable apprehension on the part of the employer's staff, and resulted in the notification of, and an investigation by, the local sheriff's department.

## II.

The conditional admission recommends the imposition of either a public or private censure, and we have decided to accept it. The respondent's inexplicable and disturbing prolonged course of behavior, however, demonstrates a serious error in judgment that goes beyond simple negligence, and we conclude that a public, rather than private, censure is appropriate:

A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition." ABA Standards 2.6 (commentary).

*People v. Smith,* 769 P.2d 1078, 1080 (Colo. 1989). *See also People v. Bergner,* 873 P.2d 726, 728 (Colo.1994) (public censure, rather than private censure, was warranted for lawyer's inappropriate participation with client in conversation that was sexual in nature and that made client uncomfortable).

## III.

It is hereby ordered that Richard Kenneth Blundell be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $865.54, within thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.