The PEOPLE of the State of
Colorado, Complainant,

v.

Lyle Steven GRITCHEN, Attorney–
Respondent.

No. 95SA327.

Supreme Court of Colorado,
En Banc.

Nov. 28, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for complainant.

Bryan Morgan, Denver, for Attorney–Respondent.

PER CURIAM.

■ The respondent in this lawyer discipline proceeding has entered into a stipulation, agreement and conditional admission of misconduct. C.R.C.P. 241.18. Pursuant to a plea bargain, the respondent received a deferred judgment and sentence for soliciting for prostitution and soliciting for child prostitution. The respondent and the assistant disciplinary counsel have recommended that the respondent be suspended from the practice of law in a range from eighteen months to two years. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be suspended for two years. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent is a forty-six-year-old lawyer admitted to practice law in Colorado in 1992. He was suspended immediately from the practice of law on November 9, 1994, following the criminal proceedings which are the subject of this case. The parties stipu-

lated to the following facts and disciplinary violations.

In July 1993, an informant, a twenty-three-year-old exotic dancer and professional escort, told the police that a man had asked her to procure teenage girls to engage in sexual acts with him. Specifically, she said that "Steve" requested two teenage girls under eighteen to perform sexual acts. Moreover, "Steve" had paid her $85 twice and $45 once to dress and act like a teenager at his home. "Steve" was the respondent.

At that time, the informant was under a deferred judgment and sentence for obtaining a controlled substance by fraud and deceit. The informant notified Colorado Springs detectives in August 1993 that the respondent had returned her call and had asked that the informant and a teenage girl meet him. A twenty-six-year-old police undercover officer posed as a teenager named "Tina," and went with the informant and other persons to the respondent's apartment. The respondent sent them away. Sometime later, however, the respondent indicated that he wanted to have sex with "Tina," and another meeting was arranged. "Tina" and the informant went to the respondent's apartment and the respondent agreed to pay the undercover officer $150 to spend a few hours with him. After part of the money was paid, the informant notified the arrest team with a prearranged signal, and the respondent was arrested.

The respondent entered an *Alford*[1] plea on August 11, 1994, to a deferred judgment and sentence to soliciting for child prostitution, a class 3 felony. § 18–7–402, 8B C.R.S. (1986).[2] At the same time, he pleaded guilty to two counts of soliciting for prostitution, a class 3 misdemeanor. § 18–7–202, 8B C.R.S. (1986).[3] The respondent received a four-year deferred judgment and sentence and was required to continue therapy until he was released by his therapist. He was also required to make a $5,000 charitable contribution and perform 100 hours of community service.

The respondent admitted that the foregoing conduct violated R.P.C. 8.4(b) (commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and R.P.C. 8.4(h) (engage in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II

The inquiry panel approved the conditional admission, and recommended that the respondent be suspended for two years. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "a lawyer know-

1. An express admission of factual guilt is not a constitutional prerequisite for a court to accept a plea of guilty. *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970). When a defendant protests his innocence, however, the trial judge should inquire into factual guilt. *Id.* at 38 n. 10, 91 S.Ct. at 168 n. 10; *People v. Madsen*, 707 P.2d 344, 347 (Colo.1985). Even though the respondent entered an *Alford* plea, we conclude for the purpose of this discipline proceeding that he actually committed the acts necessary to constitute soliciting for child prostitution. *People v. Martin*, 897 P.2d 802, 803 (Colo.1995).

2. Section 18–7–402, 8B C.R.S. (1986), provides:

   (1) A person commits soliciting for child prostitution if he:
   (a) Solicits another for the purpose of prostitution of a child or by a child;

   (b) Arranges or offers to arrange a meeting of persons for the purpose of prostitution of a child or by a child; or
   (c) Directs another to a place knowing such direction is for the purpose of prostitution of a child or by a child.
   (2) Soliciting for child prostitution is a class 3 felony.

3. Section 18–7–202, 8B C.R.S. (1986), states:

   (1) A person commits soliciting for prostitution if he:
   (a) Solicits another for the purpose of prostitution; or
   (b) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or
   (c) Directs another to a place knowing such direction is for the purpose of prostitution.
   (2) Soliciting for prostitution is a class 3 misdemeanor.

ingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

■ If respondent actually had engaged in a sex act with a child, disbarment would be the presumed sanction. The lawyer in *People v. Schwartz*, 890 P.2d 82 (Colo.1995), was disbarred following his convictions for three counts of sexual assault on a child and three counts of aggravated incest. In addition, the lawyer in *People v. Grenemyer*, 745 P.2d 1027 (Colo.1987), was disbarred after being convicted of two counts of sexual assault on a child under the age of fifteen. *See also People v. Dawson*, 894 P.2d 756 (Colo.1995) (lawyer disbarred after being convicted of attempted sexual assault of seventeen-year-old filing clerk and admitting sexual relationship with client).

In defense of a suspension rather than disbarment, the assistant disciplinary counsel maintains that the police and the assistant district attorney involved in the criminal case believe that the respondent was actually " 'fantasizing' about having sex with a child while fully realizing that the [twenty-six-year-old] female police officer was *not* a child...." The offenses to which the respondent admitted are nevertheless serious, and warrant a long period of suspension.

In mitigation, according to the assistant disciplinary counsel, the respondent does not have a history of discipline, ABA *Standards* 9.32(a) (absence of prior discipline is a mitigating factor); he has cooperated with the Office of Disciplinary Counsel, *id.* at 9.32(e); there is the presence of personal or emotional problems, *id.* at 9.32(c); evidence of the respondent's otherwise good character, *id.* at 9.32(g); imposition of other penalties or sanctions, *id.* at 9.32(k); and the presence of remorse, *id.* at 9.32(*l*).

■ The respondent has been suspended from the practice of law since November 9, 1994. He now has filed a motion requesting that any period of suspension ordered by the court be made retroactive to the date of his immediate suspension. The assistant disciplinary counsel has filed a response which is essentially neutral on the issue of retroactive

discipline. In his analysis of discipline filed with the conditional admission, however, the assistant disciplinary counsel pointed out that a two-year rather than a three-year suspension was appropriate precisely because of the respondent's interim suspension. We agree with this analysis and we therefore deny the motion for retroactive suspension. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III

It is hereby ordered that Lyle Steven Gritchen be suspended from the practice of law for two years, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $88.19 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Gritchen shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).