**In the Matter of John Allen WILSON, Attorney-Respondent.**

**No. 99SA46.**

Supreme Court of Colorado, En Banc.

June 1, 1999.

John S. Gleason, Attorney Regulation Counsel, Christyne A. Czarnowsky, Assistant Regulation Counsel, Denver, Colorado.

James L. Finegan, Lakewood, Colorado, Attorney for Attorney-Respondent.

**PER CURIAM.**

This is a lawyer discipline case in which the respondent, John Allen Wilson, was charged with sexually inappropriate conduct towards a client. A hearing panel of the supreme court grievance committee approved the findings and the recommendation of a hearing board that Wilson be publicly censured. We accept the recommendation and publicly censure Wilson.

### I. *The Hearing*

John Allen Wilson was licensed to practice law in Colorado in 1968. He did not file an answer to the complaint, so a default was entered against him. The factual allegations of the complaint are therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, in-

cluding evidence submitted by Wilson who attended the hearing, the board found that the following had been established by clear and convincing evidence.

R.M. is the complaining witness. She met with Wilson in his office on April 21, 1997, to discuss respondent's representation of her in a dissolution of marriage proceeding. When he first met R.M., respondent told her he knew she would be pretty because she had sounded attractive on the telephone. When they entered the conference room and he repeated that she was attractive, she told him that she would prefer he would not say those things to her as she embarrassed easily. His response was that she should get used to such comments and that being "bare-assed" was good for the soul. Then, respondent told her she needed to sit up and do deep breathing and relaxation exercises. R.M. told him she just wanted to get down to business.

He commented about R.M.'s age and her husband's age and informed her that all men wanted twenty-two-year old women. Moreover, she shouldn't worry because men would soon be "all over" her. When she protested, Wilson told her that given time, she would be interested in him, that she was still young, and that she had "needs." R.M. told him she didn't want to discuss sexual matters because she wanted to focus on her legal problems.

Later, Wilson told R.M. that it was good that her husband was sleeping in another bedroom because she could then "save herself" for Wilson. R.M. became very upset. Wilson then told her he was only joking. Nevertheless, Wilson advised her that in a year's time she would be in his bed.

Wilson interrupted the discussion of R.M.'s dissolution several times so that he could talk about religion, his grandchildren, and his ex-wives. He then came around the table and instructed her to listen to the metal valve in his heart. Although Wilson had not answered all of the questions R.M. had, she decided that she had to leave. Upset by respondent's conduct, R.M. went out to her car and cried.

The board concluded that the foregoing conduct violated Colo. RPC 8.4(h) (engaging in conduct reflecting adversely on a lawyer's fitness to practice). Regarding R.M.'s testimony at the hearing, the board found that she was scared and nervous during the meeting with Wilson and that she pulled her head away when he wanted her to listen to the valve in his chest. Wilson telephoned her the next day and told her that he had "crossed the line." Wilson refunded the money R.M. had paid him and sent it and her documents to her new lawyer upon her request.

With respect to Wilson's testimony, the board found that he was cooperative with the disciplinary authorities even though he defaulted. Wilson conceded his behavior crossed the line and, according to him, he did not want to get into a swearing match with R.M. He also admitted that his attempted discussion of sexual matters was stupid and wrong and that he was remorseful.

## II. *The Sanction*

The hearing panel approved the board's recommendation that Wilson be publicly censured. Neither the complainant nor Wilson has filed exceptions to the recommendation. The board recognized that Wilson's conduct in this case was quite similar to the misconduct in *People v. Meier*, 954 P.2d 1068 (Colo. 1998). Meier made offensive and sexually harassing comments to a prospective dissolution of marriage client. *See id.* at 1069, 1071. Meier received a public censure. *See id.* at 1072; *see also People v. Bergner*, 873 P.2d 726, 727 (Colo.1994) (delivering public censure to lawyer who engaged in offensive, unprofessional conduct of a sexual nature with a client while traveling in the lawyer's vehicle on their way to client's dissolution of marriage hearing).

The hearing board found the following factors in mitigation: Wilson has no prior discipline in thirty years of practice, *see* ABA *Standards for Imposing Lawyer Sanctions* 9.32(a) (1991 & Supp.1992); Wilson did not have a dishonest or selfish motive at the time of the misconduct, *see id.* at 9.32(b); he made a timely good faith effort to rectify the consequences of his misconduct by calling R.M. the next day, *see id.* at 9.32(d); and he

expressed remorse at the hearing, *see id.* at 9.32(*l*).

Aggravating factors include R.M.'s extreme vulnerability at the time Wilson engaged in such offensive conduct, *see id.* at 9.22(h); and Wilson's substantial experience in the practice of law, *see id.* at 9.22(i). We have decided to accept the recommendation of the panel and the board that a public censure is adequate discipline.

## III.

John Allen Wilson is hereby publicly censured. He is ordered to pay the costs of this proceeding in the amount of $150.71 to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432, within thirty days of the date on this opinion.