## No. 11,649.

PEOPLE EX REL. COLORADO BAR ASSOCIATION *v.* McCANN. .

Decided October 18, 1926.

Proceeding in disbarment.

*Respondent Disbarred.*

1. ATTORNEY AND CLIENT—*Disbarment.* Respondent found guilty of subornation of perjury and his name stricken from the roll of Colorado attorneys.

*Original Proceeding.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, for relator.

Mr. HARRY BEHM, Mr. F. F. HUNTER, Mr. J. PAUL HILL, for respondent.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE transcript in a certain criminal prosecution here pending on error disclosed serious reasons to question the conduct of the above-named respondent as an attorney at law of this court. Acting under our rules we

referred the matter to the grievance committee of the State Bar Association for investigation, and on its report referred it for action to the attorney general. The latter filed an information against respondent who answered that it "is substantially correct and may be taken as an agreed statement of facts upon which the court may proceed to judgment without further evidence." It is undisputed that the information states a cause of action and that the answer is a plea of guilty. Counsel for respondent having been heard orally, at his request, we have only to enter such judgment as the admitted facts demand.

Three men, charged with statutory rape, employed respondent to represent them. At a preliminary hearing the prosecuting witness and her mother testified against defendants. The latter arranged with these two witnesses, for a money consideration, to sign false affidavits repudiating their testimony, and leave the jurisdiction. Respondent, knowing the facts, prepared the affidavits and went with his clients to the home of the mother for the purpose of executing them as notary public. Officials there concealed heard and saw what took place. After some conversation and negotiation one of the defendants handed the mother a package containing $3,000 in money, the sum agreed upon, whereupon the officers entered and arrested respondent and his clients, and a friend who had accompanied them and participated in the negotiations.

In behalf of respondent it is urged that in a contempt proceeding, based upon the foregoing transaction, he was fined, and paid, the sum of $300; that his record and reputation have heretofore been good; that he has made no attempt to deny the facts or escape the consequences; and that mental anguish has already inflicted upon him a severe punishment. Were the question before us one of punishment these facts would weigh heavily in favor of the accused, but a different problem is here presented.

We are called upon to say what will disqualify one to practice law. That question must be answered, not from the standpoint of the individual, but from the standpoint of the commonwealth whose courts it is our solemn duty, so far as we are able, to maintain as the citadels of justice, and perjury is the chief menace of justice. This was no case of settling a civil liability arising from the commission of a crime, or even of compounding a felony. The offense admitted is subornation of perjury. Sec. 6777, C. L. 1921. A false oath was bought with which to paralyze a prosecution and material witnesses bribed to depart the jurisdiction. If one may do this and continue in the profession, for what offense will he be excluded?

We know of no legitimate calling so subject to temptation as the practice of law. Its conflicts sometimes cloud the clearest vision. Loyalty to client or cause may lead to transgressions which should be condoned, or offenses which should only be rebuked. But a lawyer's first duty is not to his client, it is to justice, and who so profanes the altar he serves must leave that service for the public safety.

It is the judgment of the court that the name of respondent be stricken from the roll of attorneys in this state.

MR. JUSTICE CAMPBELL not participating.