The PEOPLE of the State of
Colorado, Complainant,

v.

Stephen Stuart GERDES,
Attorney–Respondent.

No. 94SA421.

Supreme Court of Colorado,
En Banc.

March 13, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent[1] be disbarred and assessed costs. The respondent defaulted before the hearing board and has not appeared in this court. We accept the hearing panel's recommendation and order that the respondent be disbarred.

I

Because the respondent defaulted before the hearing board, the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

---

1. The respondent was admitted to the bar of this court on October 19, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings.

C.R.C.P. 241.1(b). The respondent was summarily suspended from the practice of law by order dated June 8, 1994, because of his noncompliance with mandatory continuing legal education requirements. C.R.C.P. 260.6(10).

## A

The respondent was involved in a motor vehicle accident on December 4, 1992. When he was arrested following the accident, the respondent had in his possession more than one ounce, but less than eight ounces, of marihuana. In addition, the respondent's blood alcohol content as tested subsequent to the accident was 0.226 grams of alcohol per 100 milliliters of blood.

On July 12, 1993, the respondent pleaded guilty to reduced charges of driving while ability impaired, a misdemeanor, and operating a defective vehicle. The respondent was ordered to submit to an alcohol evaluation, which resulted in the recommendation that he participate in an advanced education program and out-patient therapy, and to report for a referral for useful public service. The respondent did not report to the public service office and did not perform any public service. When he did not appear at the sentencing hearing, the court issued a bench warrant but stayed its execution. The respondent did not appear at a second hearing scheduled for December 3, 1993. He has not been arrested, nor has he reported to the court voluntarily.

The board concluded that the respondent engaged in criminal conduct, including driving while ability impaired, and possession of marihuana, both misdemeanors under state law, contrary to C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). For conduct occurring prior to January 1, 1993, the effective date of the Colorado Rules of Professional Conduct, the respondent violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). On and after January 1, 1993, the respondent's conduct violated R.P.C. 8.4(h) (it is professional misconduct for a lawyer to engage in conduct that adversely reflects on the lawyer's fitness to practice law).

Further, the respondent failed to report his driving while ability impaired conviction as required by C.R.C.P. 241.16(b), and did not respond to the request for investigation filed with respect to the criminal conduct and convictions outlined above, contrary to C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## B

The respondent was hired to defend a real estate company in an action filed by a purchaser of real estate against the client company, the seller, and another real estate company. All of the codefendants wanted the client's insurer to indemnify them, and an indemnity agreement was prepared. Without authority to do so, the respondent signed the name of an agent of the insurer on the agreement and submitted it to the codefendants. Neither the insurer's agent, nor anyone else working for the insurer was consulted about the indemnification agreement, and in any event they have stated they would not have accepted the agreement's terms. The insurer's agent had difficulty reaching the respondent in August 1991, and, by the following summer, the respondent did not return the agent's calls or respond to her letters. The respondent was replaced by other counsel in December 1992. At first the respondent refused to release the client files, but when he did allow their release, the unauthorized indemnification agreement was discovered.

The hearing board found that by executing the agent's signature on the indemnification agreement the respondent has committed acts with the intent to defraud, see § 18–5–104, 8B C.R.S. (1994 Supp.) (second-degree forgery), conduct that would constitute a serious crime under C.R.C.P. 241.16(e)(2) (conduct which involves misrepresentation, fraud, willful extortion, misappropriation, or theft; or an attempt or conspiracy to commit such crime). He also misrepresented that the agent had signed the agreement on behalf of the insurer, and he neglected a legal matter by failing to return telephone calls and to respond to letters over a period of several months. The respondent's conduct violated C.R.C.P. 241.6(5) (violating the criminal laws

of a state constitutes ground for lawyer discipline); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). Moreover, the respondent again violated C.R.C.P. 241.6(7) by failing to respond to the request for investigation filed in this matter.

### C

The respondent represented Wayne Kurth, a defendant in a civil action filed in Jefferson County District Court against a plaintiff seeking payment on a promissory note. The respondent filed an answer and a counterclaim on behalf of both Wayne Kurth and Lori Kurth, although Lori Kurth was not a named defendant, nor was there a motion filed to permit her to intervene. The plaintiff filed a motion to dismiss the counterclaims on December 20, 1991. Shortly afterwards, the respondent told his clients that he would respond to the motion to dismiss, and he would add other defendants to the action, thereby establishing "setoff" claims. The respondent did not file any response, however, and the plaintiff's motion to dismiss the counterclaims was granted. The plaintiff also filed a C.R.C.P. 16 disclosure certificate with respect to its fraud claim, but the respondent did not file a certificate. The plaintiff's motion to exclude any exhibits on behalf of the respondent's clients was therefore granted.

Subsequently, the plaintiff filed a motion for summary judgment on plaintiff's claims for payment on the promissory note. The respondent did not notify his clients of the plaintiff's motion for summary judgment. The court granted the summary judgment motion on February 4, 1992, after the respondent filed no response, and entered judgment in the amount of $72,398.78, plus interest at the rate of 18 per cent. The respondent's clients discovered the judgment only after it was filed as a lien against their property. At a meeting a day or two before the deadline for filing an appeal, the respondent told his clients that since they had no defense to the promissory note claim, they would have to pursue other related defendants. He misrepresented that such an action had already been filed, and that one of the defendants had been served.

In addition, because the respondent told his clients not to attend a scheduled settlement hearing, they were assessed $405 for the plaintiff's lawyer's fees.

As the hearing board determined, the respondent's conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means). The respondent's failure to reply to the request for investigation filed in this matter again violated C.R.C.P. 241.6(7).

In December 1991, the respondent contacted his clients' insurance company to inquire whether they wanted him to represent their subrogation interest in the counterclaim which alleged defective construction that he filed against the plaintiff in the above promissory note matter pending in Jefferson County District Court. The insurer agreed, and the respondent represented that he would join the insurer as a named party in the counterclaim. In 1993, however, the insurer learned that the respondent had not added the insurer to the counterclaim, and that the statute of limitations on the claim had expired in December 1992. The board concluded that the respondent thereby violated DR 6–101(A)(3) (neglect of a legal matter), and DR 7–101(A)(1) (intentional failure to seek the client's lawful objectives).

Finally, the respondent moved from his home and office but has not notified the Clerk of the Supreme Court of his changes of address, contrary to C.R.C.P. 227(2)(b), and his clients are unable to reach him.

### II

The hearing panel approved the board's recommendation that the respondent be disbarred and assessed the costs of the proceedings. The board found that, in addition to his serious criminal conduct, the respondent "knowingly failed to provide client services, has engaged in a pattern of neglect and abandoned his practice thereby causing seri-

ous and potentially serious injury to his clients."

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating factors, disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41; *see, e.g., People v. Williams,* 845 P.2d 1150, 1152 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice). The ABA *Standards* also recommend disbarment when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. Because the respondent did not appear or answer before the board, no mitigating circumstances were found except that the respondent has no prior disciplinary record. *Id.* at 9.32(a). Considering the seriousness of the above misconduct, that singular mitigating factor alone is not enough to call for a sanction less than disbarment. Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that Stephen Stuart Gerdes be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay the cost of this proceeding in the amount of $134.63 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.