The PEOPLE of the State of Colorado, Complainant,

v.

Harold Dwight LUTZ, Attorney–Respondent.

No. 95SA67.

Supreme Court of Colorado, En Banc.

June 5, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Harold Dwight Lutz, Arvada, pro se.

PER CURIAM.

The hearing board in this lawyer discipline proceeding recommended that the respondent be suspended for one year and one day from the practice of law. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of the board. We accept the panel's recommendation and order that the respondent be suspended for one year and one day and be assessed costs.

I

■ The respondent filed exceptions to the panel's action, essentially limited to the appropriateness of the recommended discipline. The respondent's exceptions were stricken, however, since the respondent did not file a designation of record as required under C.R.C.P. 241.20(b)(4). *People v. Butler*, 875 P.2d 219, 219 (Colo.1994). No transcript of the testimony has been filed in this court, so we consider the board's factual findings binding on review. *People v. Podoll*, 855 P.2d 1389, 1390 n. 1 (Colo.1993). After listening to the testimony of the complainant's witnesses and of the respondent, and considering the exhibits introduced into evidence and the parties' unconditional stipulation of facts, the hearing board found that the following had been established by clear and convincing evidence.

■ The respondent was admitted to the Colorado bar in 1948. The respondent represented his brother in an estate proceeding involving his brother's deceased wife, Marjorie Lutz, who died December 27, 1991. About a week after Marjorie Lutz's death, one of her daughters, Suzanne Austin, gave the respondent a handwritten will found among her mother's personal papers. Because the will was not witnessed, the respondent believed that it was not valid, but he conducted no research to verify that belief. In fact, the law is clearly established that, so long as the material provisions of a will are in the testator's handwriting and it is signed by the testator, it is a valid holographic will, whether or not it is witnessed. § 15–11–503, 6B C.R.S. (1987); § 15–11–502(2), 6B C.R.S. (1994 Supp.).

■ On January 14, 1992, the respondent filed an application for the appointment of his brother as the personal representative of Marjorie Lutz's estate. The application, which was signed by the respondent, stated: "After the exercise of reasonable diligence, the undersigned is unaware of any unrevoked testamentary instrument relating to property having a situs in this state." When he filed the application with the court, and filed the matter as an intestate proceeding, he had already received the holographic will. Thus, the respondent misrepresented a material fact to the court when he made a statement to the contrary.

The respondent also filed three waiver of service forms with the court regarding the application of the personal representative on January 14, 1992. The waivers were purportedly signed by Marjorie Lutz's three daughters. At least two of the signatures, however, were forged by the respondent, and the respondent did not remember if he had forged the third one. All three of the signatures were notarized, and the respondent notarized Austin's signature personally.

In June 1992, following Austin's request, the respondent sent a letter to her enclosing the holographic will. He stated that the will could be probated but it was not, "although we have followed its directions." The holographic will never has been probated. On June 28, 1993, the respondent and his brother, and the daughters, entered into an agreement in settlement of all probate matters. The daughters' lawyer testified that the settlement was fair and reasonable.

The respondent admitted, and the hearing board found, that the foregoing conduct vio-

lated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 7–102(A)(4) (in the representation of a client, a lawyer shall not knowingly use perjured testimony or false evidence); and DR 7–102(A)(5) (in representing a client, a lawyer shall not knowingly make a false statement of law or fact).

## II

The hearing board recommended that the respondent be suspended for one year and one day, and the panel approved this recommendation. Under the American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards*), in the absence of mitigating factors:

> Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

*ABA Standards* 6.11. Further, disbarment is warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; . . . or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. Were it not for the fact that the respondent has been a member of the bar for forty-seven years, and that he has testified that he plans to retire this year, we would find the recommended discipline too lenient. Under the circumstances, however, we conclude that the public is adequate-

ly protected by a suspension for one year and one day and the requirement that the respondent petition for reinstatement and prove by clear and convincing evidence that he has been rehabilitated. C.R.C.P. 241.22(b). Accordingly, we accept the hearing panel's recommendation.

## III

It is hereby ordered that Harold Dwight Lutz be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Lutz pay the costs of this proceeding in the amount of $901.31 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Lutz shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d).

VOLLACK, J., does not participate.