The PEOPLE of the State of Colorado, Complainant,

v.

**Mary Jody SHEFFER, Respondent.**

**Nos. GC98A112, GC98A113.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 10, 1999.

**468**

**OPINION AND ORDER IMPOSING SANCTIONS**

*SANCTION IMPOSED: ATTORNEY SUSPENDED – TWO (2) YEARS*

This consolidated disciplinary matter was heard on April 8 and 9, 1999 before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, J.D. Snodgrass and Laird T. Milburn, both members of the Bar. Assistant Regulation Counsel Deborah A. Elsas represented the People of the State of Colorado ("the People") and Daniel J. Schendzielos represented respondent Mary Jody Sheffer, who was also present ("Sheffer"). The People's Exhibits 1 through 53 were admitted into evidence. Respondent's Exhibits A through Z, with the exception of F, L, and U were admitted into evidence. Respondent's exhibit CC was also admitted into evidence. The PDJ and hearing board members heard testimony from the People's witnesses David Heckenbach, Horacio R. Vialpando, and Bruce Flossic. The PDJ and hearing board members also heard testimony from Sheffer's witnesses Mary Jody Sheffer, Michael Woodford, Mary Ann Martin, Lynda Morris, Paula Foster, James Stone, and Joel Hanson.

## I. CHARGES

### A. GC98A112 – The Vialpando Dissolution

The facts giving rise to disciplinary action no. GC98A112 concerned Sheffer's representation of Angaelle L. Vialpando in a dissolution of marriage action brought by her husband Horacio R. Vialpando. The People alleged in Count One that Sheffer had wrongfully advised her client to take certain actions which were contrary to the court's temporary orders, to the automatic stay in effect at that time, or which were otherwise improper. The allegations were based upon Sheffer's alleged advice to her client: (1) that Mrs. Vialpando could change the designated payee on a check from Mrs. Vialpando's husband and replace it with Mrs. Vialpando's name; (2) that Mrs. Vialpando could sell marital assets despite the automatic stay imposed by § 14-10-107, 5 C.R.S. (1998); (3) that Mrs. Vialpando could abandon a vehicle, thereby acting contrary to the court's temporary orders which required that she make payments on it, and (4) that Mrs. Vialpando could place funds that were to be paid for a

second mortgage in escrow rather than make payments in accordance with the temporary orders. Count One alleged violations of Colo. RPC 1.1 (failing to provide competent legal representation to a client); Colo. RPC 1.3 (neglecting a legal matter); and Colo. RPC 8.4(a) (assisting another in violating the rules of professional conduct).

The People alleged in Count Two that (1) Sheffer had wrongfully withheld funds paid under an attorney's lien by Mrs. Vialpando's husband pursuant to an Order of court for costs and attorney's fees arising from the dissolution of marriage action, and (2) that Sheffer had failed to segregate the disputed funds. Count Two alleged violations of Colo. RPC 1.15(c) (failing to keep disputed funds separate); Colo. RPC 8.4(d) (conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (other conduct adversely reflecting upon the attorney's fitness to practice law).

### B. GC98A113 – The Notary Matter

The facts giving rise to disciplinary action no. GC98A113 concerned Sheffer's representation of her son, Lance Sheffer, in his dissolution of marriage action. The complaint alleged that, on several occasions during the course of that proceeding, Sheffer had notarized various documents using the notary seal and forging the signature of her former employee. The People contended that such conduct established grounds for discipline pursuant to C.R.C.P. 241.6(5) (any act or omission which violated the criminal laws of this state) and violated Colo. RPC 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation); Colo. RPC 8.4(d)(conduct that is prejudicial to the administration of justice); Colo. RPC 8.4(h)(any other conduct that adversely reflects on the lawyer's fitness to practice law), and Colo. RPC 8.4(a)(conduct which violates the Rules of Professional Conduct).

### II. FINDINGS OF FACT

The PDJ and hearing board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact, which were established by clear and convincing evidence:

Mary Jody Sheffer is an attorney licensed to practice law in the state of Colorado and is currently registered under attorney registration number 15404. She is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). Sheffer has practiced law in Colorado for more than ten years as a sole practitioner. She has devoted her legal career to representing clients who have difficulty affording the services of attorneys and has focused at least a portion of her practice on issues relating to battered women.

### A. GC98A–112 – The Vialpando Dissolution

Count One of this disciplinary action is premised in substantial part upon legal advice allegedly given by Sheffer to her client, Angaelle L. Vialpando, ("Mrs. Vialpando") during what was repeatedly described as a "messy" divorce. The complaint alleged that Sheffer had advised Mrs. Vialpando to undertake actions which would be in direct violation of the court's temporary orders, to engage in conduct that would violate the automatic stay imposed by § 14–10–107, 5 C.R.S. (1998), to abandon property Mrs. Vialpando had been ordered to maintain, and that Sheffer had advised Mrs. Vialpando that she could alter the payee of a check delivered to Mrs. Vialpando by her husband.

Although the People introduced the testimony of the husband and the husband's lawyer, they did not present any testimony from Mrs. Vialpando, Sheffer's client, to substantiate the purported statements made to Mrs. Vialpando by Sheffer. Since there was no evidence that they were present during these conversations, neither the husband nor the husband's lawyer could present competent evidence of the substance of the actual conversations between Sheffer and Mrs. Vialpando. Rather, their testimony was focused upon Mrs. Vialpando's conduct and their suggestions that Mrs. Vialpando's conduct was in accord with the advice she had received from Sheffer. Sheffer denied that Mrs. Vialpando's conduct was based on her advice;

indeed, she testified that Mrs. Vialpando's conduct was contrary to the advice she had provided. The People provided no other evidence from which it could be found that Sheffer had advised Mrs. Vialpando to violate the court's temporary orders, to abandon property, or to alter a financial instrument.

Count Two of the People's complaint relied upon different events. After Sheffer was terminated as Mrs. Vialpando's lawyer, she filed an attorney's lien for $6,211.89 relating to her representation. The court granted judgment to Sheffer for the requested amount. Shortly thereafter, Mr. Vialpando mailed a check for the full $6,211.89 to Sheffer and Sheffer deposited the check. After the check was deposited, Sheffer received another check from Mr. Vialpando for $6,236.89 with a note from him stating that he had stopped payment on the first check and apologizing for any inconvenience. Mr. Vialpando included an additional $25 for any inconvenience encountered as a result of the stop payment order. Sheffer, assuming the first check would not be paid, and without checking with her bank, deposited the second check in her business account.

Sheffer did not routinely examine her bank statements and did not notice that both the first and second checks had been credited to her account until three months later when she received a letter from Mr. Vialpando demanding the return of the second $6,211.89. Rather than return the funds wrongly paid to her, Sheffer filed a second lien in the dissolution action claiming an additional $1,913.45 for attorney's fees not included in the first lien. Although Sheffer returned the difference of $4,298.35 to Mr. Vialpando, she retained $1,913.45 and did not initially segregate and maintain that amount in a separate account. Only after a Request for Investigation was filed did Sheffer segregate the disputed funds.

The People introduced no evidence which tended to suggest that Sheffer had engaged in any conduct relative to the assertion of the attorney's liens other than that specifically authorized by statute.

## B. GC98A113 – The Notary Matter

In early 1997, Sheffer represented her son, Lance Sheffer, in his dissolution of marriage action. In the course of the proceeding, Sheffer submitted notarized answers to interrogatories and a notarized Financial Affidavit to opposing counsel. Both documents bore the notary seal and signature of Barbara Bailey, ("Bailey") a licensed notary.

The answers to interrogatories disclosed that after the institution of the dissolution action, Lance Sheffer had signed a Promissory Note and had issued a Deed of Trust to James Winter, Sheffer's brother, securing an interest in the marital home. Opposing counsel believed that the issuance of the Deed of Trust was a probable violation of the automatic stay arising under § 14–10–107, 5 C.R.S. (1998), and obtained a copy of the Deed of Trust from the Clerk and Recorder of Arapahoe County. The Deed of Trust bore Bailey's notary seal and signature. Opposing counsel undertook to locate Bailey to ascertain whether she had, in fact, notarized the answers to interrogatories, the Financial Affidavit, and the Deed of Trust on the marital home.

Bailey was a former employee of Sheffer and had moved out of Colorado two or three years before the three documents were notarized. She had left her notary seal with Sheffer's office staff when she left the state. Bailey did not notarize any of the three questioned documents.

Shortly after opposing counsel discovered the falsified use of the notary authority, a closing was scheduled on the sale of the marital home. At the closing, opposing counsel examined the Request for Release of Deed of Trust and Release submitted by Sheffer on her son's behalf, and discovered it, too, purported to be notarized by Bailey. Bailey had not notarized the Request for Release of Deed of Trust and Release. The real estate closing was aborted.

The next day, Sheffer wrote and sent a letter to opposing counsel which admits that Sheffer had signed Bailey's name to the notarization clause and had affixed Bailey's notary seal to the questioned documents. The same day Sheffer wrote and sent a letter to

the Office of Disciplinary Counsel disclosing that she had been using Bailey's notary seal and signing Bailey's name to falsify notarizations for at least two years. The letter to Disciplinary Counsel is apologetic, states remorse, and attributes Sheffer's conduct to "sheer laziness."

Two days later, James Winter appeared at the offices of the title company handling the closing on the marital home. Winter signed a replacement Request for Release of Deed of Trust and Release and an employee of the title company notarized the document. Shortly thereafter, the closing on the marital home proceeded.

Sheffer was charged in the Eighteenth Judicial District with forgery, § 18–5–102(1)(c), 6 C.R.S. (1998) a class 5 felony; criminal impersonation, § 18–5–113(1)(d), 6 C.R.S. (1998) a class 6 felony; and wrongful possession of a journal or seal, § 12–55–118, 6 C.R.S. (1998) a class 3 misdemeanor. Through a plea bargain, Sheffer pled guilty to a fourth charge of abuse of public records, § 18–8–114(1)(c), 6 C.R.S. (1998) a class 1 misdemeanor, and received eighteen months probation, a fine of $500.00, costs and fees of $285.00, and was ordered to undergo a mental health evaluation and treatment. In exchange, the three original charges were dismissed.

### III. CONCLUSIONS OF LAW

#### A. GC98A112 – The Vialpando Dissolution

At the close of the People's case, Sheffer moved to dismiss all charges in case no. GC98A112. The People stipulated to the dismissal of the allegations pertaining to Colo. RPC 8.4(a) (assisting another in a violation of a rule of professional conduct). Viewing the evidence in the light most favorable to the People and drawing every reasonable inference in their favor, the PDJ found that the evidence presented compelled the conclusion that reasonable persons could not disagree that the People had failed to prove by clear and convincing evidence violations of Colo. RPC 1.3(neglecting a legal matter) and Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice). *Montes v. Hyland Hills Park*, 849 P.2d 852, 854 (Colo.App. 1992). There was no evidence to support the allegation that Sheffer had neglected legal matters entrusted to her in the dissolution action, or that she had engaged in conduct prejudicial to the administration of justice by pursing her attorney's lien claim after she was terminated. The PDJ dismissed the alleged violations under Count One of Colo. RPC 1.3(neglecting a legal matter), and 8.4(a)(assisting another to violate the rules of professional conduct), and the alleged violation under Count Two of Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice).

The thrust of the remaining charges in Count One of case no. GC98A112 alleged that Sheffer was responsible for Mrs. Vialpando's failure to make payments on a vehicle as required by the court's temporary orders. Further, the charges alleged that she advised Mrs. Vialpando to withhold payments on the marital home's second mortgage contrary to the temporary orders, to sell marital assets contrary to the automatic stay then in effect, and to alter a financial instrument to benefit Mrs. Vialpando. The People failed to prove by clear and convincing evidence that Sheffer had counseled Mrs. Vialpando to disobey the court's temporary orders, to sell marital assets contrary to § 14–10–107, 5 C.R.S. (1998) to withhold payments on a second mortgage, or to alter the financial instrument.[1] Consequently, the People failed to establish under Count One a violation of Colo. RPC 1.1(failing to provide competent legal representation).

As to Count Two, Sheffer admitted, and the evidence established, that she had violated Colo. RPC 1.15(c)[2] by failing to seg-

---

1. The complaining witness, Angaelle L. Vialpando, although under subpoena, did not appear to testify. While her ex-husband, Horacio R. Vialpando, did testify, the PDJ and hearing board found that his testimony was not credible.

2. **Safekeeping Property; Interest–Bearing Accounts to be Established for the Benefit of the Client or Third Persons or the Colorado Lawyer Trust Account Foundation; Notice of Overdrafts; Record Keeping:** When in the course of representation a lawyer is in possession of prop-

regate funds after becoming aware that a dispute existed. The People argued that Sheffer's conduct, which she admitted violated Colo. RPC 1.15(c), also established a violation of Colo. RPC 8.4(h) (any other conduct that adversely reflects on the lawyer's fitness to practice law).

A violation of Colo. RPC 8.4(h)(any other conduct that adversely reflects on the lawyer's fitness to practice law) requires proof of conduct, the totality of which establishes that the lawyer engaged in conduct which reflects that he or she lacks the personal or professional moral and/or ethical qualifications required of those authorized to practice law. Conduct involving violence, lack of honesty, violation of trust, serious interference with the administration of justice, criminal endeavors, or comparable misconduct is required to establish a violation of Colo. RPC 8.4(h). *See People v. Egbune,* No. GC98A13, slip op. at 10 (PDJ Colo.1999)(holding that the attorney's conduct must be viewed in light of the totality of the circumstances to determine whether that conduct constitutes a violation of Colo. RPC 8.4(h)); *People v. Theodore,* 926 P.2d 1237, 1242–43 (Colo.1996)(holding that attorney's engaging in conduct involving dishonesty amounts to conduct that adversely reflects on his fitness to practice law); *People v. Good,* 893 P.2d 101, 104 (Colo.1995)(decided under prior rule DR 1–102(A)(6)); *People v. Bergner,* 873 P.2d 726, 727 (Colo.1994) (decided under prior rule DR 1–102(A)(6)). Although Sheffer did violate Colo. RPC 1.15(c) by failing to segregate disputed funds, that type of misconduct standing alone does not reflect violence, does not reflect a lack of honesty or constitute either a serious interference with the administration of justice, criminal en-

deavor or comparable misconduct so as to justify a concurrent finding of a violation of Colo. RPC 8.4(h). Misconduct of a substantially more serious nature than that established in Count One is required.

### B. GC98C113 – The Notary Matter

In case no. GC98C113, Sheffer admitted and the PDJ and hearing board found violations of Colo. RPC 8.4(a)(violating a rule of professional conduct); Colo. RPC 8.4(b)(commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice), and Colo. RPC 8.4(h)(other conduct adversely reflecting on the lawyer's fitness to practice law)[3]. The only contested allegations were those giving rise to the charge under Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation).

Sheffer was charged with the crimes of forgery, criminal impersonation and wrongful possession of a journal or seal in the Eighteenth Judicial District. As a result of her misuse of the notary seal and her falsification of Bailey's signature, she pled guilty to abuse of public record pursuant to § 18–8–114(1)(c), 6 C.R.S. (1998)[4], a class 1 misdemeanor, and all original charges were dismissed. In this disciplinary matter, Sheffer argued that § 18–5–102(1)(c), 6 C.R.S. (1998) (forgery) and § 18–5–113(1), 6 C.R.S. (1998)(criminal impersonation) both require an intent to defraud. *See People v. Freda,* 817 P.2d 588, 591 (Colo.App.1991) (holding that the requisite mental state under § 18–4–401(1)(a), C.R.S. (1986 Repl.Vol. 8B) is the intent to defraud).[5] Therefore, because she never in-

---

erty in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.

3. Sheffer admitted a violation of Colo. RPC 8.4(h). Although the PDJ and hearing board found no evidence of "other" conduct adversely reflecting on Sheffer's fitness to practice law, Sheffer raised no objection to that alleged viola-

tion. The admission of that violation, however, does not enhance the sanction imposed.

4. § 18–8–114(1)(c), 6 C.R.S. (1998) provides that [a] person commits a class 1 misdemeanor if: (c) Knowing the person lacks the authority to retain the record, the person refuses to deliver up a public record in the person's possession upon proper request of any person lawfully entitled to receive such record.

5. § 18–1–503(3), 6 C.R.S. (1998) provides: "If a statute provides that criminal negligence suffices

tended to hurt anyone, or to make anyone suffer pecuniary loss, Sheffer argues that she did not intend to deceive or defraud anyone. Thus, she contends, she did not violate either the forgery or criminal impersonation statutes.

 The triers of fact in a disciplinary proceeding are not limited in their review to weighing Sheffer's misconduct within the framework of her plea agreement. Rather, the PDJ and hearing board may determine whether Sheffer's conduct satisfies either the elements of the original charges or those of other criminal charges. *People v. Morley,* 725 P.2d 510, 513 (Colo.1986); *People v. Harfmann,* 638 P.2d 745, 748 (Colo.1981); C.R.C.P. 251.5(b). In this case, whether Sheffer had the requisite intent to defraud is the only contested element of both original criminal charges, i.e., forgery and criminal impersonation.

Sheffer admitted that she placed Bailey's signature on the documents in question for the purpose of creating the impression they were properly notarized. However, Sheffer contended, her conduct was "the result of laziness" and was "expedient" under the circumstances. Sheffer's argument misses the point. The argument confuses her rationale and motivation for signing Bailey's name with her intent in falsifying the notarization: even though she may have signed Bailey's name because of laziness or expediency, her intent was, without question, to deceive and mislead. The intent requirements of both the forgery statute and the criminal impersonation statute require nothing more. *See In the Matter of Patrick Anene Egbune,* 971 P.2d 1065, 1073 (Colo.1999) *cert. den.,* 526 U.S. 1115, 119 S.Ct. 1762, 143 L.Ed.2d 793 (1999) (holding that reckless conduct, not mere negligent conduct, is equivalent to

knowing conduct)(*citing People v. Small,* 962 P.2d 258, 260 (Colo.1998)); *People v. Gerdes,* 891 P.2d 995, 996–97 (Colo.1995)(holding that by executing an agent's signature on the indemnification agreement, the attorney committed acts with the intent to defraud and engaged in conduct that would constitute a serious crime under C.R.C.P. 241.16(e)(2)(conduct which involves misrepresentation, fraud, willful extortion, misappropriation, or theft) and citing § 15–5–104, 8 B C.R.S. (1994 Supp.)(second degree forgery)); *People v. Rader,* 822 P.2d 950, 953 (Colo.1992)(holding that an attorney's conduct can be so careless or reckless that it must be deemed to be knowing and thus constitutes a violation of a specific disciplinary rule). Consequently, the People established by clear and convincing evidence that Sheffer did have the level of intent to defraud that is required to commit both the offense of forgery and the offense of criminal impersonation.

 The commission of those serious criminal offenses by Sheffer constitute grounds for discipline under C.R.C.P. 241.6(5)[6] and violations of Colo. RPC 8.4(a)(violation of a rule of professional conduct), Colo. RPC 8.4(b)(commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice). *See People v. Jackson,* 943 P.2d 450, 455 (Colo.1997)(decided under prior rule DR 1–102(A)(4)[engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation] and holding that attorney's conduct in connection with the sale of his residence and his brother's residence, and submitting fraudu-

---

to establish an element of an offense, that element also is established if a person acts recklessly, knowingly, or intentionally. If recklessness suffices to establish an element, that element also is established if a person acts knowingly or intentionally. If acting knowingly suffices to establish an element, that element also is established if a person acts intentionally."

**6.** C.R.C.P. 241.6: **Grounds for Discipline:**
Misconduct by a lawyer, individually or in concert with others, including the following acts or

omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship: (5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action. (This rule was replaced by C.R.C.P. 251.5 effective January 1, 1999).

lent documents to lender with intention of inducing lender to provide money, constituted conduct involving dishonesty, fraud, deceit or misrepresentation).

The PDJ and hearing board found that Sheffer's falsification of Bailey's signature, and her improper use of the notary seal on the Deed of Trust and the Request for Release of Deed of Trust and Release is of particular significance because these actions call into question the very foundation of trust and authenticity which the legal system invests in any document affecting the ownership and chain of title of real property. Such documents, once signed, notarized and filed in the public records, carry with them an inherent reliability not accorded to normal documentation. Indeed, in light of the high level of reliability accorded them under law, such documents are both self authenticating and excluded from the hearsay rule. On their face they establish what they purport to be. *See* CRE 901(7) and 803(8).

The Deed of Trust falsely notarized by Sheffer was subsequently recorded with the Clerk and Recorder of Arapahoe County and infected the integrity of the chain of title to the subject property. The Request for Release of Deed of Trust and Release prepared and submitted by Sheffer to effectuate a closing on the subject property was intended by Sheffer to mislead the closing's participants into believing the document was genuine. Sheffer's conduct would have succeeded in its intended deceit absent the astute intervention of opposing counsel. Opposing counsel's intervention prevented further personal harm to the closing's participants as well as future owners of the property. The prevention of greater harm to the closing's participants by opposing counsel does not lessen the severity of Sheffer's misconduct.

The conduct addressed here is Sheffer's intentional undertaking of a course of action to mislead and deceive others and to falsify documents with the intent to use them for a fraudulent purpose. *See People v. Marmon,* 903 P.2d 651, 653–54 (Colo.1995). Although the actual harm resulting in this case to the parties was minor, there was significant potential harm from Sheffer's acts to all subsequent owners in the chain of title. More importantly, the harm to the public arising from this attorney's willingness to knowingly falsify important legal documents affecting title to real property and thereby to place in question the integrity of this state's recorded documents, is wholly inconsistent with the level of trust the public must place in members of the bar. Sheffer's misconduct erodes the essential trust and inherent honesty of the entire legal profession.

## IV. SANCTIONS/IMPOSITION OF DISCIPLINE

■ The PDJ and hearing board find that Sheffer's conduct constitutes a violation of duties owed both to the profession and to the public. ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 5.11 provides:

Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, [or] misappropriation ...

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

The Commentary to ABA *Standard* 5.11 provides further:

A lawyer who engages in any of the illegal acts listed above has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity.

■ Sheffer's conduct meets the tests set forth in both ABA *Standard* 5.11(a) and (b). The presumptive sanction in this case is disbarment. *See Jackson,* 943 P.2d at 455 (rejecting the board's recommendation that attorney receive a three-year suspension and, instead, deciding that disbarment is warranted in case involving attorney's conduct which, among other things, included the attorney's

submission of fraudulent documents to lender with the intention of inducing lender to provide financing). In *Marmon,* 903 at 653–654, the Colorado Supreme Court found that the attorney's misconduct warranted disbarment where the attorney admitted falsifying an adoption decree by forging a district judge's signature with the intent to conceal negligence. Similarly, in *People v. Goldstein,* 887 P.2d 634, 640 (Colo.1994), an attorney entered a plea of guilty to and was convicted of the criminal offense of forging a United States Bankruptcy Court judge's signature, fabricating and forging two legal documents, and knowingly misrepresenting material facts to his employer on client matters. Two members of the hearing board recommended a three-year suspension plus costs while a third hearing board member recommended disbarment in light of the fact that the misconduct directly related to the practice of law. *Id.* at 640. The Supreme Court ordered that the attorney be disbarred. The Supreme Court reasoned that "respondent's misconduct ... involved not only a serious crime, *see* C.R.C.P. 241.16(e), but also indifference to his professional obligations as an officer of the court." *Id.* at 643. The court cited *People v. Abelman,* 804 P.2d 859, 863 (Colo.1991) stating:

> We are mindful that the primary purpose of attorney discipline is the protection of the public, *People v. Grenemyer,* 745 P.2d 1027, 1029 (Colo.1987), not to mete out punishment to the offending lawyer. As officers of the court, however, lawyers are charged with obedience to the law, and intentional violation of those laws subject an attorney to the severest discipline. *Goldstein,* 887 P.2d at 643–44.

In *People ex rel. Colorado Bar Ass'n v. McCann,* 80 Colo. 220, 249 P. 1093, 1094 (1926) the Supreme Court determined that the offense of subornation of perjury in a statutory rape case justified disbarment where an attorney arranged with the prosecuting witness and her mother to receive money consideration for their agreeing to sign false affidavits, repudiating their testimony given at preliminary hearing, and leaving the jurisdiction. The respondent prepared the affidavits, and went with his clients to the home of the mother for the purpose of

executing them as a notary public. The court stated:

> We are called upon to say what will disqualify one to practice law. That question must be answered, not from the standpoint of the individual, but from the standpoint of the commonwealth, whose courts it is our solemn duty, so far as we are able, to maintain as the citadels of justice, and perjury is the chief menace of justice. *Id.* at 1093.

*See also People v. Robertson,* 908 P.2d 96, 99–100 (Colo.1995)(holding that appropriate sanction was disbarment for attorney who, among other things, engaged in criminal conduct by falsely notarizing deeds using his wife's notary seal and a forging a settlement check); *People v. Gerdes,* 891 P.2d 995, 996 (Colo.1995)(holding that appropriate sanction of disbarment was warranted for attorney who, among other things, executed the signature of an insurance agent on an indemnity agreement without the agent's permission and represented that the agent had signed the agreement); *People v. Goens,* 803 P.2d 480, 483 (Colo.1990)(holding that disbarment was appropriate sanction where attorney forged estate representatives' signatures and converted funds from estate to attorney's own use); *People v. Brown,* 726 P.2d 638, 639 (Colo.1986)(holding that public official attorney's conduct including forgery and abuse of public records warranted disbarment).

The PDJ and hearing board considered matters in mitigation and aggravation pursuant to ABA *Standards* 9.3 and 9.2 respectively. By way of aggravation, the PDJ and hearing board find that Sheffer engaged in a pattern of misconduct by repeated use of the notary authority, *see id.* at 9.22(c); and she had substantial experience, more than ten years, in the practice of law, *see id.* at 9.22(i).

In mitigation, the PDJ and hearing board find that Sheffer had not been previously disciplined, *see id.* at 9.32(a); she made disclosure to the disciplinary board and exhibited a cooperative attitude toward the proceedings by self reporting the facts giving rise to GC98A113, *see id.* at 9.32(e), there was an absence of a dishonest or selfish motive, *see id.* at 9.32(b), witnesses for the respondent

testified to her good character and reputation, *see id.* at 9.32(g), she expressed remorse, *see id.* at 9.32(*l*), and she received severe penalties in the Eighteenth Judicial District criminal action for the same misconduct, *see id.* at 9.32(k).

The factors in mitigation substantially outweigh the factors in aggravation. Of particular importance to the PDJ and hearing board was Sheffer's self reporting of her wrongful conduct, the absence of a selfish motive, her cooperative attitude in the proceedings and the imposition of severe penalties in the criminal action. Although the presumptive discipline for the specific conduct reflected in this case is disbarment, the substantial and significant mitigating factors justify a reduction in the degree of discipline to be imposed. *See People v. Lutz,* 897 P.2d 807, 809 (Colo.1995)(filing forged waiver of service and other misconduct with substantial mitigation warrants one year and a day suspension); *People v. Proffitt,* 731 P.2d 1257, 1260 (Colo.1987)(one year and a day suspension for serious crime of fraud by check where significant mitigating factors present).

## V. ORDER

It is therefore ORDERED:

1. Mary Jody Sheffer is SUSPENDED from the practice of law for a period of TWO (2) YEARS commencing thirty-one days from the date of this Order [7].

2. In addition to the requirements of C.R.C.P. 251.29 for reinstatement, Mary Jody Sheffer is required to take and satisfactorily complete the Multistate Professional Responsibility examination prior to reinstatement.

3. Mary Jody Sheffer shall pay the costs of these proceedings within 60 days of the date of this Order.

4. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

7. The Presiding Disciplinary Judge was of the opinion that more severe discipline was warrant-

## ORDER RE: IMPOSITION OF SANCTION

On April 6, 2000, The Appellate Discipline Commission issued its opinion in case no. 99AD005, *In The Matter of Mary Jody Sheffer,* in which the Commission reversed the decision of the Hearing Board and remanded this matter solely for purpose of imposing discipline consistent with the rulings set forth in their April 6, 2000, opinion.

At the request of the parties, oral arguments were heard by the Hearing Board on June 15, 2000, regarding the appropriate sanction in light of the Commission decision. The Hearing Board, having considered the arguments of counsel, the rulings set forth in the Commission's April 6, 2000 opinion and taking into account the mitigation and aggravation previously determined by the Hearing Board in their original decision, imposes the following discipline upon respondent Sheffer:

It is the ORDER of the Hearing Board that:

1. Mary Jody Sheffer is SUSPENDED from the practice of law for a period of sixty (60) days, all of which is stayed pending Sheffer's satisfactory completion of a twelve (12) month period of probation pursuant to C.R.C.P. 251.7, commencing thirty-one (31) days from the date of this Order, subject to the following terms and conditions:

 a. Sheffer shall attend and satisfactorily complete the Ethics School offered by the Office of Attorney Regulation Counsel during the period of probation, and

 b. Sheffer shall complete 15 hours of Continuing Legal Education courses in ethics during the period of probation, in addition to the CLE normally required of attorneys in this state. The additional CLE courses must be taken in person and not by home study. A Certificate of Completion of such CLE courses, setting forth the courses, credit and place of attendance must be filed with the Of-

ed under the facts of this case.

fice of Attorney Regulation Counsel prior to the expiration of the probationary period, and

c. Sheffer shall not engage in any conduct during the probationary period which results in a finding of reasonable cause to believe that grounds for discipline exists under C.R.C.P. 251.12.

2. Violation of any term and or condition of probation shall be governed by the provisions of C.R.C.P. 251.7.

3. Mary Jody Sheffer shall pay the costs of these proceedings within sixty (60) days of the date of this Order.

4. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Sheffer shall have five (5) days thereafter to submit a response thereto.

## ORDER RE: IMPOSITION OF SANCTION

On April 6, 2000, The Appellate Discipline Commission issued its opinion in case no. 99AD005, *In The Matter of Mary Jody Sheffer,* in which the Commission reversed the decision of the Hearing Board and remanded this matter solely for purpose of imposing discipline consistent with the rulings set forth in their April 6, 2000, opinion.

At the request of the parties, oral arguments were heard by the Hearing Board on June 15, 2000, regarding the appropriate sanction in light of the Commission decision. The Hearing Board, having considered the arguments of counsel, the rulings set forth in the Commission's April 6, 2000 opinion and taking into account the mitigation and aggravation previously determined by the Hearing Board in their original decision, imposes the following discipline upon respondent Sheffer:

It is the ORDER of the Hearing Board that:

2. Mary Jody Sheffer is SUSPENDED from the practice of law for a period of sixty (60) days, all of which is stayed pending Sheffer's satisfactory completion of a twelve (12) month period of probation pursuant to C.R.C.P. 251.7, commencing thirty-one (31) days from the date of this Order, subject to the following terms and conditions:

d. Sheffer shall attend and satisfactorily complete the Ethics School offered by the Office of Attorney Regulation Counsel during the period of probation, and

e. Sheffer shall complete 15 hours of Continuing Legal Education courses in ethics during the period of probation, in addition to the CLE normally required of attorneys in this state. The additional CLE courses must be taken in person and not by home study. A Certificate of Completion of such CLE courses, setting forth the courses, credit and place of attendance must be filed with the Office of Attorney Regulation Counsel prior to the expiration of the probationary period, and

f. Sheffer shall not engage in any conduct during the probationary period which results in a finding of reasonable cause to believe that grounds for discipline exists under C.R.C.P. 251.12.

2. Violation of any term and or condition of probation shall be governed by the provisions of C.R.C.P. 251.7.

5. Mary Jody Sheffer shall pay the costs of these proceedings within sixty (60) days of the date of this Order.

6. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Sheffer shall have five (5) days thereafter to submit a response thereto.