The PEOPLE of the State Of
Colorado, Complainant,

v.

Darrell C. ROSEN, Respondent.

No. 99PDJ006.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Nov. 1, 1999.

## AMENDED OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS COUNT III

A trial was held in this matter on October 7, 1999 before a hearing panel consisting of the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Edward L. Zorn and Frances L. Winston. Debora D. Jones represented the People of the State of Colorado (the "People") and James H. Chalat and Russell R. Hatten represented respondent Darrell C. Rosen ("Rosen"), who was also present. The PDJ and Hearing Board heard testimony from the People's witnesses, the complainant and Jenifer Wilson. At the close of the People's case in chief, respondent moved the court to dismiss this matter pursuant to C.R.C.P. 50 on the grounds that the People had failed to prove a violation by a clear and convincing standard. The PDJ denied the motion and proceeded with trial. Respondent Rosen testified in defense of the charges. Upon stipulation of the parties, Rosen's Exhibits A through I were admitted into evidence. Rosen's Exhibits L and S, and the People's Exhibit 1 were also admitted.

The PDJ and Hearing Board, having considered the testimony, exhibits, and relevant pleadings, and having assessed the credibility

of the witnesses, makes the following findings of facts:

## I. FINDINGS OF FACT

Rosen was retained by a husband and wife (hereinafter the wife is referred to as "complainant") in April of 1997, to represent them in their bankruptcy proceeding. Rosen also represented the complainant's friend, Jenifer Wilson, in a separate bankruptcy proceeding. The complainant was anxious about her bankruptcy proceeding and about appearing in court. To allay her anxiety, approximately one month prior to her own creditor's meeting, the complainant decided to accompany Ms. Wilson to her creditor's meeting.

Before entering the hearing room for Ms. Wilson's creditor's meeting, Rosen commented favorably on the complainant's appearance.[1] Rosen sat next to the complainant while they waited for Ms. Wilson's creditor's meeting to commence. When the trustee appeared in the hearing room, the complainant expressed anxiety and fear. Rosen responded to her anxiety by touching her leg with his hand and whispering in her ear that he would protect her. The testimony of the witnesses was in conflict concerning the manner in which Rosen touched the complainant's leg; specifically, whether it was a brief contact to attract her attention or whether it was a stroking touch lasting twenty to thirty seconds. Both the complainant's and Ms. Wilson's testimony regarding the touching incident deviated from earlier testimony concerning the same incident and were, in part, inconsistent with one another. After the creditor's meeting, respondent again commented on the complainant's appearance. During other meetings and conversations between respondent and the complainant, both before and after the creditor's meeting, there were no other instances of allegedly inappropriate verbal or physical conduct by Rosen.

Although the complainant now considers the touch of her leg to have been both sexually motivated and offensive, and further that Rosen's whispered statement to have been seductive, she did not complain to Rosen about the incident at or about the time it occurred, nor did she report the incident to law enforcement authorities. The complainant and her husband terminated Rosen, but did not do so until September 3, 1998, nearly three months after the alleged incident and after they had become dissatisfied with Rosen's legal services and the potential outcome of their bankruptcy proceeding.

Both the complainant and Ms. Wilson were unhappy with the outcome of their respective bankruptcy proceedings and Rosen's legal services. Indeed, the complainant and her husband never fully paid Rosen for his professional services.

## II. CONCLUSIONS OF LAW

■ Rosen was admitted to the bar of this court on May 17, 1977, and is registered upon the official records of this court, registration no. 07913. He is subject to the jurisdiction of this court and these disciplinary proceedings pursuant to C.R.C.P. 251.1(b).

The Complaint in this matter originally contained three claims for relief. Claims one and two were dismissed at the request of the Office of Attorney Regulation Counsel by Order dated July 30, 1999. The remaining claim was based upon alleged sexual misconduct and a charged violation of Colo. RPC 8.4(a)(violating or attempt to violate the rules of professional conduct) and Colo. RPC 8.4(h)(engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law).

■ A violation of Colo. RPC 8.4(h)(any other conduct that adversely reflects on the lawyer's fitness to practice law) requires proof of conduct, the totality of which establishes that the lawyer engaged in conduct which reflects that he or she lacks the personal or professional moral and/or ethical qualifications required of those authorized to practice law. *People v. Sheffer*, 35 P.3d 466 (Colo.P.D.J.1999), 29 COLO. LAW. 143–44 (Sept.1999). Conduct involving violence, lack

---

1. Rosen stated, both before and after the bankruptcy hearing, that the complainant looked very good for someone who had two children.

of honesty, violation of trust, serious interference with the administration of justice, criminal endeavors, or comparable misconduct is required to establish a violation of Colo. RPC 8.4(h). *Id.* at 145. Sexual misconduct is prohibited by Colo. RPC 8.4(h). *People v. Boyer*, 934 P.2d 1361, 1362 (Colo.1997)(finding a violation of prior rule DR 1–102(A)(6) for sexual misconduct); *People v. Zeilinger*, 814 P.2d 808, 809 (Colo.1991).

The testimony from the three witnesses at trial—the complainant, Ms. Wilson and respondent—contained disparate accounts of respondent's actions. The complainant testified that she believed the touching and whispering were sexually motivated. However, Rosen's testimony regarding the incident of the touching and whispering equally support the inference that the contact was merely intended to acquire the complainant's attention for the whispered reassurance that Rosen would protect her in the bankruptcy proceeding.

Although the testimony advanced by the complainant and Ms. Wilson standing alone suggest a reasonable inference that the totality of the conduct may have been sexually motivated, consideration of Rosen's testimony, which the PDJ and Hearing Board found to be credible, supports the equally reasonable inference that none of the alleged conduct was either sexually motivated or objectively offensive. The PDJ and Hearing Board found that two equally reasonable inferences could be drawn from the evidence presented.

The additional evidence that Rosen, in the presence of third parties, remarked favorably on the complainant's appearance both before and after the court proceeding does not provide persuasive support to the people's charges against Rosen. The complimentary statements, like the touching and whispering, can be fairly and reasonably interpreted as conduct not driven by sexual motivation, but rather comments to divert the complainant's anxiety and discomfort in attending the court proceeding. Moreover, those statements are neither objectively offensive, harassing or abusive.

■ It is the People's burden to prove the charges by clear and convincing evidence. Clear and convincing proof is proof which is "highly probable," CJI-*CIV.* 3D 3:2 (1988); *Page v. Clark*, 197 Colo. 306, 592 P.2d 792, 801, n. 3 (1979) and "free from serious or substantial doubt." *People in the Interest of M.C.*, 844 P.2d 1313, 1315 (Colo.App.1992). Since the People's case was advanced upon the theory that the conduct was sexual in nature, it was their burden to establish by clear and convincing evidence that the whispering, the touching, the statements concerning the complainant's appearance or some combination thereof was sexually motivated, harmful, objectively offensive, harassing or abusive. They failed to establish such proof.

Based upon the evidence presented and the reasonable inferences to be drawn from that evidence, the PDJ and Hearing Board cannot conclude that it is highly probable and free from serious and substantial doubt that Rosen's conduct was sexually motivated, inappropriate, harmful, objectively offensive, harassing or abusive. Rosen's conduct does not rise to the level of misconduct proscribed by the Colo. RPC 8.4(h). *See People v. Meier*, 954 P.2d 1068, 1071 (Colo.1998)(finding a violation of Colo. RPC 8.4(h) and imposing public censure on respondent for making offensive and sexually harassing comments to a vulnerable prospective client, and determining that those comments were inappropriate, harmful, offensive, harassing and sexually abusive); *People v. Lowery*, 894 P.2d 758, 759 (Colo.1995)(decided under prior rule DR 1–102(A)(6)[a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law] and imposing a one year and one day suspension on the respondent for sexual misconduct involving incidents with three employees consisting of respondent's making numerous lewd, sexually graphic remarks, attempting to prevent one employee from leaving his office, and touching the three employees' intimate areas); *People v. Bergner*, 873 P.2d 726, 727 (Colo.1994) (decided under prior rule DR 1–102(A)(6) and imposing public censure on the respondent for respondent's sexual misconduct consisting of his telling his client on the way to her final orders hearing about past sexual experiences he had, pointing out a

parking lot where he and his ex-wife had had sexual intercourse in a car, and giving his client tips on how to have successful affairs). The People presented no case law, nor has the court's own research found precedent for a finding of sexual misconduct under circumstances similar to this case.

Absent such proof, the People have failed to establish by a clear and convincing standard that respondent's conduct constituted a violation of Colo. RPC 8.4(h). There being no violation of Colo. RPC 8.4(h), the People's charge under Colo. RPC 8.4(a)(violation of a rule of professional conduct) must also fail.

Accordingly, pursuant to C.R.C.P. 251.19(b)(1), the PDJ and Hearing Board GRANT respondent's Motion to Dismiss Count III, the remaining claim in the within matter.